## WALDRON and GOMEZ *vs.* GREEN.

Where there is error in a record of an inferior court, which the party obtains leave to cure by an order or rule of such court, but neglects to amend his record conformable to such rule, the judgment will be reversed notwithstanding the rule.

ERROR from the New-York common pleas. Green declared in the common pleas against Waldron and Gomez on a promissory note, and also on the common money counts. The defendants suffered a default, and the damages of the plaintiff were assessed by the clerk, no *nolle prosequi* being entered on the common counts. For this cause a writ of

error was sued out by the defendants below. On a return to a *certiorari* it appeared that the damages had been assessed by the clerk, and that after the suing out of the writ of error, the plaintiff below obtained a rule in the common pleas allowing a *nolle prosequi* to be entered on the money counts as of the term when the rule for interlocutory judgment was entered, but it did not appear that the *nolle prosequi* had *in fact* been entered upon the record brought into court.

*W. Mulock*, for plaintiffs in error.

*E. Livingston*, for defendant in error.

*By the Court*, MARCY, J. Two questions are presented on this record. The error for the correction of which the record is removed here, is the assessment of the plaintiff's damages on a count on a promissory note, without entering a *nolle prosequi* on the common counts.

After the writ of error was brought, and before the record was certified, the plaintiff applied to the court below and obtained leave to enter a *nolle prosequi* on all the counts in the declaration, except that setting forth the promissory note, but he made no entry of a *nolle prosequi* upon the record. The record before us is now in the same form in which it was when the writ of error was first sued out. We are asked to consider that as done which the court below gave the plaintiff permission to do. Courts in regard to their own proceedings will sometimes consider that done which a party has obtained leave to do ; but when a superior court are examining the proceedings of inferior tribunals, the rule is different. The amendment must in the latter be actually made if it be not within the statute of *jeofails*. In the case of *Croswell* v. *Byrnes* (9 Johns. R. 287,) the court decided that a rule entered in an inferior court to vacate a judgment was not, when shewn here, a *vacatur* of that judgment ; that the *vacatur* should have been entered on the record as much so as the rule for judgment. So in this case, after the plaintiff below obtained leave to enter a *nolle prosequi*, he should have entered it in fact. Not having done so, I am clearly of opinion that

he can derive no benefit from his rule in the situation wherein NEW-YORK.
he now stands before us.

We are next to consider whether there be error in the record as it was first made up and as it is now presented.

The case of *Burr* v. *Waterman and Wells,* referred to in a note to *Colden* v. *Knickerbacker,* (2 Cowen, 31,) was precisely like this, and this court held the proceedings of the plaintiff there in assessing damages by the clerk and not entering a *nolle prosequi* to be erroneous. The same question, I understand, has been repeatedly raised, and always decided against the sufficiency of the record. The law as settled when this question arose, constrains us to decide for the plaintiffs in error, the rule, however, will be otherwise under the revised statutes.   (2 R. S. 357, § 4.)

Judgment reversed.