NEW-YORK,<br>May, 1831.<br><br>Lownds<br>v.<br>Remsen.

Motion for a new trial denied.

---

LOWNDS vs. REMSEN.

In an action against a *sheriff* for the escape of a prisoner in execution from the limits, a *satisfaction piece* duly acknowledged and filed, but no entry of satisfaction made on the record, is no defence to the sheriff, if it be shewn by the plaintiff that the satisfaction piece is a *forgery*.

A satisfaction piece is not a record; until entered on the roll, it does not partake of the nature of a record, nor does the statutory provision on the subject directing the mode of its acknowledgement give it that character or effect.

An entry of satisfaction on the *docket* of judgments is not equivalent to an entry on the *roll*.

An entry on the roll will not be *presumed*, although a satisfaction piece be filed, where it is manifest, if done, it would on application be set aside for fraud.

ERROR from the New-York common pleas. Dorcas M. Remsen sued Lownds, sheriff of New-York, in an action of debt, for the escape from the jail limits of one John Smalley, who was committed on a *capias ad satisfaciendum*, at the suit of the plain-

NEW-YORK, May, 1831.

Lownds v. Remsen.

tiff. The defendant pleaded *nil debit*. The plaintiff proved his judgment obtained in the common pleas of New-York, the issuing of the execution, and the arrest and escape of Smalley. The defendant then gave in evidence a *satisfaction piece* in the original suit, purporting to be signed by the plaintiff in the same, acknowledged before a commissioner on the 18th December, 1827, and filed in the clerk's office of the common pleas on the 17th January, 1828. He also proved, by the clerk of the court, that on the day of the filing of the satisfaction piece, he made an *entry* of the satisfaction of the judgment in the docket book of judgments, in the usual form and according to the course and practice of his court, as appeared by the records of the court for a century preceding, and produced such entry in evidence. He further testified, that on the same 17th January, 1828, (which was previous to the alleged escape,) the sheriff received notice in writing from Smalley of the filing of the satisfaction piece, and that he was no longer his prisoner. The prisoner then offered to prove that the plaintiff's name to the satisfaction piece was not her own proper hand writing, but was a *forgery*. The defendant objected that such evidence was inadmissible as against *him*, but the objection was overruled, and the defendant excepted; whereupon proof was adduced by the plaintiff, tending to shew that the name of the plaintiff subscribed to the satisfaction piece was not her hand writing. The judge charged the jury that this was not the case of a prisoner who had been in actual custody on execution, and where a record of the satisfaction of the judgment had been produced to the sheriff, and he required to liberate the prisoner; but the defendant in the original suit had been admitted to the liberties of the jail, upon giving security not to depart; no satisfaction piece or record of it had been produced to the sheriff, nor had the sheriff been required to liberate the defendant, or cancel his bond for the liberties, before he left the limits; but of his own will he had left the liberties, without the knowledge, privity, or assent of the sheriff. And he further charged the jury, that the cases where a sheriff might produce as a bar a satisfaction piece absolutely void, but which was recorded as genuine, was when such document or a record of it had been presented to the sheriff as genuine, and he had acted upon it as such; but that where

after an escape to which he was not privy, a sheriff is prose-
cuted and then looks round for matter to absolve himself from
liability, such matter must be tested, as it would be in all oth-
er cases ; that under such circumstances, if a *forged* satisfac-
tion piece, although a record, would not be a defence in a suit
against the original defendant and his sureties on a bond for
the liberties, and he adjudged it would not, it was no defence
to the sheriff; and that if they believed such to be the case
here, the sheriff was liable for the escape. The defendant
excepted to the charge. The jury found a verdict for the
plaintiff, on which judgment was entered. The defendant
sued out a writ of error.

*J. L. Wendell,* for plaintiff in error. The satisfaction piece
was a conclusive bar to the plaintiff's right to recover. It
was acknowledged according to the directions of the statute,
1 R. L. 506, § 17 ; and being filed, it became a *record* which
could not be contradicted or impeached collaterally. The
bare *filing* of a paper in the proper office makes it a *record,*
and parol evidence is inadmissible to shew any error in rela-
tion to it, even though a date is manifestly written on an eras-
ure. 3 Price's Exc. R. 494. 16 Johns. R. 55. A precept to
a sheriff to hold an election in England was adjudged to be a
*record ;* so an insolvent discharge is a record. 1 Wheaton,
447. 8 Cowen, 178. A record cannot be collaterally im-
peached. 1 Phil. Ev. 218, 19. Peake, by Norris, 57, n. A
mistake cannot be shewn—as the entry on a *postea* of the
finding of an issue, which in fact was not found, 1 East, 355 ;
nor an alteration or cancelling, 4 Burr. 2267 ; nor *fraud* or
*perjury* in an insolvent discharge, though it be expressly ad-
mitted by the pleadings, if it be in an action against third
persons, 1 Wheaton, 447.

An entry of satisfaction *on the record* was not necessary.
The practice of the court in which the suit was, did not re-
quire it. An entry is mere matter of *form ;* the *substance* is
the satisfaction piece. Had the defendant pleaded satisfac-
tion of record, and the plaintiff had replied *nul tiel record,* an
entry made upon the record, at any time previous to the re-
joinder, that there is such record, would have supported it.
Such entry would have been made of course ; leave of the

court would not have been necessary, and if asked for, would have been given *nunc pro tunc*. This case is distinguishable from that of *Croswell* v. *Byrns*, 9 Johns. R. 287, where it was held that a *vacatur* of a judgment must be entered upon the record. There the issue was upon the plea of *nul tiel record* to the judgment, and correctly was it held that a rule vacating the judgment not entered on the record did not support the plea. Here the issue is not upon the plea of *nul tiel record* as to the judgment, but upon *nil debit ;* and any evidence going to support that plea was admissible, although not entered on the record. Whether, therefore, the satisfaction was or was not entered upon the record was immaterial, the *escape* being the foundation of the action, and the judgment but inducement. 1 Saunds. 39, n. 3.

*S. P. Staples,* for defendant in error. Fraud vitiates all transactions, even the most solemn proceedings of courts of justice. Starkie's Ev. pt. 4, p. 586. Neither fraud nor felony can be set up as a defence to an action. The satisfaction piece being forged, was utterly void. It could be no protection to the defendant in the original suit, nor to his sureties in an action on the bond for the liberties ; and they should not be allowed to shelter themselves behind the sheriff in whose hands their bond remains. Nor should the sheriff be permitted to set up this defence ; he has voluntarily incurred the peril in which he stands, having the power to detain the prisoner until compelled by an order of a judge to discharge him. 5 Burr. 2631. 2 Johns. R. 46. 2 Esq. Dig. 312. He might have required the prisoner to obtain an order from a judge, for the plaintiff in the execution to shew cause why he should not be discharged, as is the practice when a party is in actual custody on mesne process for the want of bail. In such case the sheriff does not discharge a defendant on the mere filing of bail, nor should he have permitted the defendant here to leave the limits, on his filing a satisfaction piece. The filing of one is no greater protection to him than the filing of the other. In *Ammidon* v. *Smith*, cited from 1 Wheaton, 447, the party to be affected by the discharge had his day in court, and that is claimed in the present case. *Cunningham* v. *Bucklin*, 8 Cowen, 178, proceeds upon the ground of judicial irresponsibility.

By the Court.* The question as to the admissibility of <span>NEW-YORK,<br>May, 1831.</span> the evidence objected to by the defendant below, is involved in that concerning the effect of the facts proved by it. If the facts destroyed the defence interposed by the sheriff, the objection to proving them, not having regard to the mode of proof, must be unavailing. The only question to be passed on by us, is whether the forged satisfaction piece received and filed by the clerk as a genuine paper, and the entry of satisfaction in the docket book of judgments, constitute a defence to the sheriff for the escape of Smalley. So long as the judgment remained unsatisfied and unreversed, the execution which had been issued thereon was effective, and the sheriff cannot excuse himself for not detaining the defendant therein named in custody. It is not shown that the judgment was satisfied by actual payment. The evidence relied on to shew the payment, is the satisfaction piece and the entry upon the docket of judgments. The plaintiff below had a right to controvert this evidence, unless it was invested with the sanctity of a record.

A satisfaction piece was compared on the argument to a bail piece, and if the resemblance holds, we must regard it as a record, and refuse to hear any allegation against it. 16 Johns. R. 55. The recognizance of bail is, in contemplation of law, the act of the court, and is entered as such ; consequently it partakes of the unimpeachable verity of its records : but nothing is found in the books, or in the nature of the instrument, that should induce us to look on a satisfaction piece in the same light. If we recur to the practice of the king's bench, from which the practice of this court is derived, and to which it in a great measure conforms, we shall see that a satisfaction piece is not there regarded as a record of the court ; nor is the acknowledgement of it, either in fact or contemplation of law, the act of the court, When the judgment is paid or satisfied, the plaintiff gives a warrant or authority to some attor-

*Mr. Justice MARCY was present at the argument of this cause, and having written an opinion in the case, it was adopted by his associates, and is published as the opinion of the court, although previous to the May term he had *resigned* his seat on the bench. The same remark applies to other opinions published as of this term, designated as *per curiam* opinions.

The margin note reads:
Lownds
v.
Remsen.

NEW-YORK, ney of the court in which the judgment was entered, author-
May, 1831. izing such attorney to enter up satisfaction. By virtue of this
Lownds warrant or authority, a satisfaction piece is made by him, and
v. on being presented to the officer of the court, he enters on
Remsen. the roll, that is, at the foot of the judgment record, a satis-
faction, which is, in substance, that the plaintiff, by the attor-
ney to whom he has given the warrant or authority, comes
into court and acknowledges himself satisfied by the defendant
of the debt and damages, &c. 1 Sel. Pr. 546. 1 Archb. Pr.
295. The satisfaction, when thus entered on the roll, and not
before, countervails the record of the judgment. No act is
done by the court, or in it, until the making of this entry ;
and there is nothing in the whole proceeding, before it is made,
that partakes of the nature of a record.

But we have a statutory provision in relation to satisfaction
pieces, and it was contended that it makes them records, or re-
cognizes them as such. We do not so understand the act re-
ferred to ; it merely regulates the taking of satisfaction pieces,
but says nothing as to their character or legal effect. It requires
that they shall be signed by the parties in whose favor the
judgments are rendered, and designates the officers before
whom they shall be acknowledged. 1 R. L. 506. When thus
signed and acknowledged, they are what satisfaction pieces in
England are, when signed by an attorney for that purpose au-
thorized—a warrant to the officer of the court having charge
of the record to enter a satisfaction on the roll ; but until that
satisfaction is entered of record, there is no record to counter-
vail that of the judgment.

It was contended that if the satisfaction piece was not of
itself, when filed, a record, the entry of the clerk in the *docket*
of judgments was tantamount to an entry on the roll. It has
been so regarded, it seems, as appears from the testimony of
the clerk of the *court in which* this record was filed, and by
reference to the earliest writer on the practice of *this court.*
Mr. Wyche says : " When a debt is levied on the execution,
or paid by the debtor, the next step is to enter satisfaction of
the judgment *on the roll,* and by that means extinguish its ef-
fect." To do this, he directs a satisfaction piece to be pre-
pared, and acknowledged before a judge ; "then," he says,
" file it in the office, and *the clerk marks satisfaction on the dock-*

NEW-YORK,
May, 1831.

Lownds
v
Remsen.

*et.*" Wyche's Pr. 199, 200. Surely this is not entering satisfaction *on the roll ;* for the roll is a very different thing from the docket of judgment. As long as we find no statutory provision or decision of the court making an entry on the docket equivalent to a satisfaction entered on the roll, we shall not feel justified in considering them of the same legal effect.

But as the clerk might have entered the satisfaction on the roll by the authority given to him by the satisfaction piece, it is insisted that we ought to adjudge it to be done on the principle that a court will consider that done in regard to their records which they will give a party leave to do. 4 Wendell, 409. This is not such a case. A court will not consider that done, which, had it been done, would have been the consummation of fraud or forgery ; and which, if done, they would have set aside, as done without authority. It is true, the clerk might have mistaken the satisfaction piece filed in this case for a genuine one, and under that mistake made a record which would have destroyed the effect of the judgment, as long as the court did not interfere to vacate it ; but no such record is made, and we ought not to imagine one, to give the defendant the benefit of it in this case.

.It was urged upon us, and it is confessed, with considerable force, that by permitting a recovery in this case against the officer, we were establishing a rule, the operation of which will be oppressive upon sheriffs ; but parties have rights as well as officers, and we ought to take care, while endeavoring to lighten the responsibilities of the latter, not to sacrifice the interests of the former. After all, the hardship is more in imagination than reality. If the defendant is on the limits upon bail, the sheriff is not called upon to do any affirmative act, and therefore cannot be answerable to the defendant for a misfeasance ; and if he is in close custody, the sheriff will not be bound to act merely on the satisfaction piece ; he may, for his own safety, require that the satisfaction be entered of record. If a sheriff should give credit to a satisfaction piece, which was an entire forgery, not only as to the name of the plaintiff in the judgment, but as to that of the officer before whom the acknowledgment purported to have been made, it

NEW-YORK,
May, 1831.

Lownds
v.
Remsen.

would be a hardship to make him responsible for any act done under this misapprehension, yet he would undoubtedly be adjudged to be so.

If the conclusion is correct, that there was no record of satisfaction in this case, all difficulty is removed, and we ought not to be influenced by any supposed inconveniences in which the law may involve officers. It is undeniable that nothing but a record can countervail the judgment record. There are cases which show that payment, even to the sheriff himself, does not entitle the defendant to his discharge as a matter of course; and the sheriff has been held liable for an escape, for discharging a prisoner in custody on a ca. sa., after having received payment for the judgment. It is said by Fenner, J. in *Stringer* v. *Stanlack*, Cro. Eliz. 404, " When the defendant is one taken by force of a ca. sa., the sheriff himself cannot discharge the prisoner without offence to the law, although he had received the monies; for the writ is *capias ad satisfaciendum ita quod habeas corpus ejus*, &c. So, although he pay the money, yet the sheriff ought not to discharge him; and if he do, he is chargeable with an escape." Ch. J. Popham concurred in this opinion. The same doctrine was established in the case of *Compton* v. *Ireland*, 1 Mod. 194, and two anonymous cases, to be found in 12 Mod. 230 and 385. It is not necessary to say how such a question would be decided at this day; there is, however, little doubt that if there was the usual endorsement on the writ of the sum to be received, such endorsement would be construed into an authority to the sheriff to receive, and to the defendent to pay; and if payment was made, and the defendant discharged from custody, the plaintiff's right against the defendant for the debt, and against the sheriff for the escape, would be gone.

The conclusion is, that the judgment recovered against Smally was not satisfied, discharged, or its legal effect impaired by the satisfaction piece, or the entry made in the docket of judgments; that it remained in full force when the action in the court below was commenced; and that Smalley's departure from the limits was an escape, for which the sheriff was liable.

Judgment affirmed, with single costs.