### PIKE vs. GANDALL.

In an action of *replevin*, where the defendant put in five cognizances acknowledging the taking of the goods as a distress for rent, three of which were good, and two bad, and a general judgment of *retorno habendo* was entered on the default of the plaintiff to plead, the judgment was *reversed*, on account of the defective pleadings.

Previous to the revised statutes, a writ of inquiry of *damages* was unauthorized, and a judgment entered on an inquisition assessing damages was held to be erroneous.

Where the *placita* of a record in the common pleas was of December term, 1827, and the *dies datus* to plead to a cognizance was to the first Tuesday of March *last past* instead of *next*, and a writ of inquiry which was awarded was made returnable in *May*, without designating the year, and was executed in *May*, 1829, *it seems* doubtful whether such errors could be considered as cured by the statute of jeofails; and if amendable by the supreme court, *it seems* application for that purpose should be on special motion.

On a writ of error to the supreme court, it is no answer to an error assigned, that the point relied on for error was not presented to and passed upon by the court below; such objection is peculiar to the court of dernier resort in this state.

ERROR from the Washington common pleas. Gandall took as a *distress for rent*, certain goods and chattels belonging to Pike, who sued out a plaint in replevin, and declared, stating the taking to have been on the 25th September, 1827. The declaration contained three counts. The defendant put in *five cognizances*, in which he acknowledged the taking as the servant and agent of Isaac Low, surviving trustee of the estate of Lieut. Col. G. Cuyler, deceased, and justly, &c. for rent due on certain demised premises. In the *first* cognizance, the defendant, in answer to the first count of the declaration, alleged that Isaac Low, on the 1st Febru-

ary, 1823, demised a certain lot of land, of which he, as trustee as aforesaid, *was seized in his own right as of fee*, and of which the *locus in quo* is a part, to one J. Wright, for the term of 14 years, at an annual rent of $107 ; that Wright entered, and subsequently assigned his term to Pike, who entered into possession of the premises and was in possession at the time when, &c. and because $138,50 was due and in arrear for the rent of the premises on the 1st February, 1827, the defendant acknwledged the taking, &c. as a distress for the rent ; whereupon he prayed judgment and a return, &c. The *second* and *third* cognizances were substantially like the first ; the second being in answer to the second count, and the third in answer to the third count of the declaration. In the *fourth* cognizance, the defendant acknowledged the taking as alleged in the *second* count, and justly, &c. because the plaintiff, for two years, ending 31st January, 1827, held and possessed a certain close called lot M. &c., as tenant to Isaac Low, by virtue of a lease from Low, subject to an annual rent of $107 ; and because $138,50, parcel of the rent for two preceding years, was due and in arrear on 1st February, 1827, the defendant, as the servant and agent of Low, took the goods, &c. as a distress for rent, wherefore he prayed judgment, and a return, &c. The *fifth* cognizance was like the fourth, except being in answer to the third count of the declaration ; in neither of the two last cognizances is *the title* or *estate* of Low set forth. To these cognizances the plaintiff did not answer, and judgment of *non-pross* was entered against him. In making up the record of judgment, the *placita* is stated to be of *December term*, 1827; then follow the declaration and cognizances, after which there is an imparlance to the second Tuesday of *March, last past,* for the plaintiff to plead to the cognizances; *at which day* it is stated that the defendant appeared, but that the plaintiff, although called, made default, and did not prosecute his plaint, by reason whereof, it is said, the defendant ought to recover against the plaintiff *his damages on occasion of the premises.* A writ of inquiry is then awarded to the sheriff, commanding him to inquire what damages the defendant had sustained by means of the premises, and to return his inquisition *on the last Tuesday of May.* At *which day,* it is stated,

the sheriff returned an inquisition, taken on the *26th May*, 1829, by which it is found that the defendant hath sustained damages by means of the premises to $14,58, over and above costs, &c. and for those costs to six cents. Judgment is then entered that the plaintiff take nothing by his plaint, but that he be in mercy, &c. and that the defendant go thereof without day, &c. and that he have return of the goods, &c. and also that the defendant recover the damages found by the inquisition, and $54,94, costs of increase. The plaintiff sued out a writ of error.

*S. Stevens*, for plaintiff in error. The default of the plaintiff in not pleading, appears by the record to have been entered at a term preceding the putting in of the cognizances. It does not appear when the writ of inquiry was returnable, or when or of what term the final judgment was entered. A writ of inquiry, to inquire into the *damages* sustained by the defendant, by reason of the premises, was unauthorized by law. Such a proceeding is had in England, under the statute 21 Henry VIII. ch. 19, 1 *Saund*. 195, *n*. 3 ; but the provisions of that statute are not adopted here. By our statute, 1 *R. L.* 94, § 11, the court are authorized to award a writ of inquiry to ascertain the *sum in arrear for rent*, and the *value of the goods distrained ;* but not the *damages* of the defendant. The two last cognizances are fatally defective, in not setting out the *title* of the landlord, and as the judgment is entered on all the cognizances, and two of them are bad, it must for this cause be reversed. 5 *Cowen*, 338.

*R. Weston*, for defendant in error. The errors in the record are mere formal errors. The plaintiff should have applied to the court below to correct them on motion ; on a writ of error they will be considered as cured by the statute of jeofails. The words *last past,* in the *dies datus* to plead, is a clerical misprison, and will be rejected as surplusage. No year is specified in which the writ of inquiry is made returnable, but the award of the process is not therefore void ; if intended to have been returnable in May, 1828, it is regular ; if in May, 1829, it is well enough, for the rule forbidding the intervention of a term between the teste and return of a writ

does not apply to a writ of inquiry ; the rule on that subject is applicable to mesne process only. Whatever informalities there may be in the record, they do not effect the justice of the case, are all clerical mistakes, and are cured by the statute of jeofails. 4 *Wendell,* 181. 2 *id.* 147. 6 *Cowen,* 666. 3 *John. R.* 184. 7 *Cowen,* 263. 4 *Wendell,* 627.

The plaintiff, by his default in pleading, admitted the allegations in the cognizances, and the defendant was entitled to judgment of *retorno habendo* as at common law. 2 *Sellon,* 168. 1 *Archb. Pr.* 218. 2 *id.* 70, 83. By statute, every person making avowry, justification or cognizance in any replevin or second deliverance, if the same be found for him, or the plaintiff be nonsuited or otherwise barred, is entitled to recover his damages and costs against the plaintiff in like manner as the plaintiff would have done if the same had been found against the defendant. 1 *R. L.* 344, § 3. No authority is directly given to award a writ of inquiry in such case, but the court necessarily has the power to do so, to carry the statute into effect. It is under this statute, and not the replevin act, that the writ of inquiry in this case was issued. It is optional with the party who distrains for rent to take his judgment for arrears of rent, &c. or to take judgment of *retorno habendo,* and assess his damages under the statute. 1 *R. L.* 344. Admitting that the two last cognizances would have been held bad, had they been demurred to, the defendant is entitled to judgment on the three first, which are undeniably good ; for if one avowry is good, the defendant is entitled to judgment. 11 *Co.* 45. *Comyn's Dig. tit. Pleader, c.* 32, 3 *K.* 14. If the judgment be reversed, it should be reversed only in part, as the defendant, at all events, is entitled to judgment of *retorno habendo.*

*Stevens,* in reply. The statute relied on by the counsel is the *act concerning costs ;* the legislature did not intend by that act to regulate the proceedings in the action of replevin. Nor can the defendant avail himself of the fact of having one or more good cognizances, because the judgment *de retorno* is general, and applies as well to the defective cognizances as to those which are good.

*By the Court*, SAVAGE, Ch. J. It is objected by the defendant in error, that a writ of error does not lie in this case, the judgment in the court below having been taken by default, and no motion made to, or question actually decided by that court. It has been held in several cases, that under such circumstances a writ of error does not lie from this court to the court for the correction of errors. That decision was founded mainly upon the constitution, which provides that where a writ of error shall be brought on a judgment of the supreme court, the justices of that court shall assign the reasons for their judgment. When all the proceedings pass silently through the clerk's office, the judges have no reasons to assign; there was no decision actually made; nothing to re-examine and re-judge. That doctrine has never been applied, nor does it seem applicable to writs of error removing proceedings into this court from inferior courts.

The first objection to the record is, that the plaintiff's default for not pleading purports to have been entered some time before the suit was brought. The principal difficulty in the matter of form consists in giving day to plead until the second Tuesday of March *last past;* the time when this day was given was December term, 1827. This was no doubt a clerical mistake; day should have been given to the second Tuesday of March *next,* and then there would be no great discrepancy in what follows, (applying the usual liberal principles of amendments,) by inserting a continuance for one year, and then awarding a writ of inquiry, returnable at the term of May then next, which would be in 1829, at which term the record seems to have been signed. Perhaps this is well enough. In *Dumond* v. *Carpenter,* 3 *Johns. R.* 184, it was held that the intervention of a term between the teste and return of a writ of inquiry did no prejudice, and was only a mis-continuance, which is cured by the statute of jeofails. The former statute of amendments and jeofails, 1 *R. L. of* 1813, *p.* 117, enumerates many errors for which judgment shall not be reversed, particularly after verdict, and authorizes the court to which a writ of error shall be brought, to reform and amend all that which shall seem to be the misprision of the clerks in

NEW-YORK, May, 1832.

Pike v. Gandall.

NEW-YORK, such record, so that the judgment shall not for such causes
May, 1832. be reversed. If, however, we have power to amend a mat-
Pike ter of this kind, it should be upon motion for that purpose;
v. .the truth of the case should be presented to us : we should
Gandall. have something to amend by, more than mere conjecture.
Besides, it may well be doubted whether the errors in this
record are cured by the statute. · ·

It is objected also that the writ of inquiry should have di-
rected an inquiry into the *amount of the rent due*, and the
*value of the property distrained.* By the 11th section of
the act to prevent delays in actions of replevin, 1 *R. L.* 94,
where the plaintiff shall be nonsuited before issue joined,
the defendant may make a suggestion in the nature of an
avowry, and on his motion, the court shall award a writ of
inquiry to ascertain the amount of rent due and the value
of the distress ; and upon the return of the writ, the de-
fendant shall have judgment for the arrears of rent, if the
distress be of so much value ; and if not, then he shall have
judgment for the value of the property distrained. This
section is taken from the statute of 17 *Charles* 2, *ch.* 7.
The third section of the act concerning costs, 1 *R. L.* 344,
is from the 21 *Henry* 8, *ch.* 19, and provides that in replev-
in, after avowry or cognizance, if the plaintiff be nonsuited
or otherwise barred, the defendant shall recover his damages
and costs in the same manner as the plaintiff would have
done if the same had been found against the defendant.
The words of this statute are broad, and seem to be appli-
cable to every person making avowry or cognizance in any
replevin, &c. The English statute is as follows : " That every
avowant or other person making justification or conusance,
as bailiff or servant in replevin, or second deliverance for
rents, customs, services, damage feasant, or for other rent
or rents, if the avowry, conusance or justification be found
for them, or the plaintiff be nonsuit or otherwise barred, they
shall recover damages and costs, as the plaintiff should have
done." By the English practice, as stated by Archbold,
2 *Archb. Pr.* 67 *to* 70, whenever the plaintiff is *non-prossed*,
the judgment at common law is for a return of the goods.
Where the plaintiff is *non-prossed* for want of a declara-
tion, the defendant must make a suggestion, upon which a

writ of inquiry issues, to inquire the amount of rent in arrear, and the value of the property distrained, according to 17 *Charles* 2, *ch.* 6. Where the plaintiff is *non-prossed after* declaration and avowry or recognizance, then the defendant may either issue a writ of inquiry under the statute, 17 *Car.* 2, or under the statute, 21 *Henry* 8, *ch.* 19, by which the jury assess damages for the expense and trouble the avowant has undergone, *Bac. Abr. Replevin, L.,* or the defendant may refuse to issue a writ of inquiry under either statute, and prosecute the replevin bond. In these cases of *non-pross*, a writ of second deliverance might be issued by the plaintiff, which would supersede the *retorno habendo,* but not the writ of inquiry. The act regulating proceedings in the action of replevin, 1 *R. L.* 91, &c. made no provision for the assessment of damages, and consequently the writ of inquiry issued in this case was unauthorized, and the judgment thereon is erroneous. At present our practice is different, having been modified by the revised statutes in several important particulars.

The next ground of error is, that the two last cognizances do not shew the landlord's title. An avowry or cognizance in the form adopted in these cognizances is authorized in England by the statute 11 *Geo.* 2, *ch.* 19, § 22 ; but no provision similar to it was adopted in this state until the last revision of the statutes, 2 *R. S.* 529, § 41. The revised laws of 1813, 1 *R. L.* 94, § 9, declare that where lands are holden by rents, &c. if the person of whom they are held shall distrain, and replevin be brought, such person may avow, or his servant make cognizance for taking the distress upon the said lands so holden, as in lands or tenements within *his fee.* This statute, however, does not much, if at all, relax the common law rule of declaring, as was decided in *Harrison* v. *McIntosh*, 1 *Johns. R.* 384, and *Wright* v. *Williams,* 5 *Cowen,* 340. These cognizances are therefore defective. There are three previous cognizances which are conceded to be good ; they set out the title to be in Isaac Low, as trustee, and then allege a demise from him to one Wright, and an assignment from Wright to Pike the plaintiff. The question then arises, what is the consequence in a case like this, where some of the cognizances are good and some bad ? If the cognizances of the defendant

are to be considered a declaration, and the person making conusance is to be considered the plaintiff, the judgment should be reversed; for where judgment is entered upon a declaration containing several counts, some good and some bad, the judgment will be arrested, or, on error brought, reversed. If, however, the cognizances are to be considered pleas, then, I apprehend, the judgment should stand, three of them being good. At the commencement of the suit the plaintiff is the actor, and the defendant is merely such so long as he only pleads to the declaration; but when he avows or makes conusance, he then becomes a plaintiff, and the former plaintiff is put to his plea, in which he becomes a defendant. At this stage of the proceedings, the action is anomalous; both parties are plaintiffs and defendants; the plaintiff is so in respect of his writ and declaration, and the defendant becomes so in respect of his avowry. The avowry, then, is not strictly speaking, a plea; it more properly resembles a declaration, and considering it such, it must be governed by the rules applicable to declarations; and judgment having been entered generally upon an avowry or cognizance containing five counts, two of which are bad, it follows that the judgment should be reversed. Assuming, therefore, that the court can amend or overlook the errors of form in the record, here are errors of substance which require a reversal of the judgment.

Judgment reversed, and cause remanded to common pleas to be proceeded in according to law.