Yale v. Coddington.

## YALE & HENSHAW *vs.* CODDINGTON.

Where goods are to be paid for in a note or bill, the *vendor* cannot recover on the common count for *goods sold and delivered* until the *credit has expired ;* ,but he may proceed immediately for a breach of the special agreement.

A judgment entered on a report of referees, where a plea was interposed which required a *replication,* and it did not appear *by the record* that a replication had been put in, was held to be *erroneous* and not cured by the statute of amendments. The statute cures defects and omissions in matters of *form,* but not those of *substance.*

Where, as was done in this case, it is suggested on the argument that there was in fact a replication put in, the court will suspend pronouncing judgment, to give the plaintiff below an opportunity to apply to amend his record, which will be granted on payment of the costs of the writ of error and of the motion, and giving leave to the plaintiff in error to discontinue without costs.

ERROR from the superior court of the city of New York. The action below was brought by *Coddington* aginst *Yale* and *Henshaw.* In addition to the general indebitatus counts in assumpsit, the declaration contained several counts on a special contract, by which the plaintiff sold certain goods to the defendants, to be paid for on delivery by their note at *four months.* Breach, that although the goods were delivered, the defendants refused to give their note in pursuance of the promise. The defendants pleaded in abatement that another action was depending for the same cause in the superior court. Immediately after setting forth the plea, and without any replication, the *record* states that the cause was referred to three referees, who reported that there was no other action depending for the same cause, and that the sum of $619 22 was due from the defendants to the plaintiff. It does not appear that the defendants had any thing to do with the order for a reference, or that they appeared before the referees. Judgment was rendered for the plaintiff on the report, and the defendants now bring error.

*J. L. Wendell,* for plaintiffs in error.

*M. T. Reynolds,* for defendant in error.

*By the Court*, BRONSON, J. The special as well as the general counts are in *assumpsit*, and there is no foundation for the objection that there has been a misjoinder of counts. This is also an answer to the objection that actions for torts cannot be referred.

The plaintiff below has counted on the special agreement, alleging for breach that the defendants refused to give their note in pursuance of the promise. This shows a good cause of action, although the *credit* of four months had not expired at the time the suit was commenced. Where goods are to be paid for in a note or bill, the vendor cannot, recover on the common count for goods sold and delivered until the credit has expired, but he may proceed immediately for a breach of the special agreement. *Mussen* v. *Price*, 4 East, 147. *Hoskins* v. *Duperoy*, 9 id. 498. *Dutton* v. *Solomonson*, 3 Bos. &. Pull. 582. The cases of *Lupin* v. *Marie*, 6 Wendell, 77, and *Furniss* v. *Hone*, 8 id. 247, which were cited before the defendants below, only prove that the property in goods will pass to the vendee, where the vendor makes an unconditional delivery, without receiving the payment or security which he had a right to demand. They are very far from proving that the vendor may not have an action on the special contract as soon as it is broken by the vendee.

So far as appears by the record, there was no replication to the plea, and no issue of any kind was joined between the parties. There was, consequently, no authority to order a reference of the cause, 2 R. S. 384, § 39, or to render judgment against the defendants. This is a fatal error. A verdict will aid an informal, though it will not help an immaterial issue. Bull. N. P. 320. 2 Saund. 310, n. 6. It has never been supposed that a verdict could cure the total want of an issue. Until the parties have come to an affirmative and negative in some form, there is nothing to be tried.

The language of the statute of amendments underwent some alterations in the late revision of the laws. 2 R. S. 424, and p. 601, § 60. But we have the means of knowing that, with very few exceptions, it was not intended to make new provisions, but only to re-enact the old law as it had

Yale v. Coddington.

been expounded by the courts. The statute cures defects and omissions in matters of *form*, not those of *substance*. In *Reed* v. *Drake*, 7 Wendell, 345, the judgment was reversed because breaches were not assigned in the declaration. The defect was held not to be amendable, although it appeared that the right of the matter had been tried between the parties. In *Pike* v. *Gandall*, 9 Wendell, 153, 4, it appeared by the record that the default for not pleading was entered before suit brought. Although the court had no doubt that this was a clerical mistake, it was strongly intimated, though not necessarily decided, that the error was fatal. In *Waldon* v. *Green*, 4 Wendell, 409, the judgment was reversed, because a *nolle prosequi* on the common counts, which had been ordered by the court below, had not been entered on the record. These are stronger cases than the one at bar.

Although this is not a mere formal defect which we can overlook, yet if there was in fact a replication taking issue on the plea, as was suggested on the argument, the record may, I think, be amended, so as to save the judgment. But this can only be done on motion, and on proof that issue was in fact joined. *Pike* v. *Gandall*, 9 Wendell, 154. In cases coming within the healing influence of the statute, the amendment is never actually made, but the defect or omission is overlooked and disregarded. This rule applies where the court cannot but see from the record, that right has been done, although there has been some informality in the pleadings or proceedings of the parties. But where there is a total defect of pleading, or in any other matter of substance, the case does not fall within the statute; the court cannot see that right has been done, and the omission can only be cured by an amendment actually made. An order for the amendment will only be granted on motion, after notice to the opposite party, and upon such terms as justice may require. In this case the terms should be, payment of costs of the motion and of the writ of error, and allowing the plaintiffs in error to dismiss their writ without costs. Nothing short of this will be doing justice to them.

I think the case should be allowed to stand over until the next term, to give the defendant in error an opportunity to move for an amendment. If no motion shall be made, or if made and not granted, the judgment will be reversed.

Ordered accordingly.