Robertson, Ch. J.
The primary motion having virtually been permitted to be renewed by the order already made, two questions present themselves in this case: First. Was the satisfaction piece, upon which the entry of satisfaction was made, executed upon a condition which has been performed ? Second. If it has, had the plaintiff Anderson a right to satisfy such judgment without the consent of his attorney and assignee, Mr. Prentiss ? The reference to the referee being merely incidental to take testimony, and report his opinion, he had no power to decide any thing, and the whole question is open before me as res integra upon the affidavit and depositions taken before him. The weight of oral testimony, if at all admissible to determine the terms of the condition upon *634 which the satisfaction piece was delivered, does not change those contained in the instrument signed ’ hy the depositary. There can he no doubt a negotiation with Mr. Robinson, who had the government contract, and not one with 'the plaintiff Anderson, was referred to, and that one is clearly identified. The only difficulty is in the phrase “ closing the negotiation,” which undoubtedly means, under the circumstances, closing it successfully by a contract. This never was done, and the satisfaction piece was, therefore, not properly delivered to the defendant, and the docket was improperly canceled.
But a difficulty occurs, from the fact that the docket of the judgment has been canceled, pursuant to the statute, (2 R. S. 362, §§ 22, 24.) hy the clerk, on the filing of a proper satisfaction piece, signed and duly acknowledged hy the party. This raises the question whether, by the filing of the satisfaction piece and canceling the docket, the judgment has so far lost all efficacy that no execution can be issued upon it. For it is very clear that, if so, no one has a right to abuse the process of the court hy issuing execution and taking the risk of being afterwards able to prove that the satisfaction piece was improperly obtained and filed, the proper and regular course being to move to take the satisfaction piece off the files, cancel the entry of satisfaction, and restore the docket. In the case of Taylor, v. Ranney, (4 Hill, 619,) it was held, that where an execution' has been returned satisfied, which is entered on the docket, an intermediate bona, fide purchaser from the defendant after such return, hut before a cancelation of such entry, was protected, and a distinction was made between such case and that of an entry of satisfaction on the docket, after the filing of a forged satisfaction piece, as in Lowndes v. Remsen, (7 Wend. 35.) In that case such a forged satisfaction piece being filed and satisfaction entered thereon upon the docket, it was held not to protect a sheriff from an action for an escape from imprisonment on an execution previously issued, because the satisfaction had not been entered on the roll. The 291st section of t'he Code leaves the existing provisions of law relating to executions and their incidents, and the powers and *635 rights, as well as duties, of officers therein as they were before its enactment. And, although with some hesitation upon the question whether a satisfaction piece, actually signed by the party, and which complies with the statute in all respects, and, therefore, fully warrants the clerk in making the entry, can be disregarded, I feel bound to follow the decision in Lowndes v. Remsen, and consider the execution in question regularly issued, although a less orderly .proceeding than a prior application to take the satisfaction piece off the files, when the whole question could have been determined.
These views render it unnecessary to consider the question of the claim of'Mr. Prentiss, including that of notice by him to the defendant of it, before the satisfaction piece was given, as well as the mysterious employment of an attorney and counsel in the Court, of Appeals, without their knowledge, and the entry of an order of substitution in that court by the attorney of the opposite party, which are matters more proper for the cognizance of that court, on a motion to recall thfe remittitur and set aside the judgment of reversal.
The motion to set aside the execution, or interfere with the judgment originally entered, must be denied, without any other costs but the fees of the referee, to be taxed as disbursements.