Stearns *v.* Haven et al.

ELI STEARNS *v.* LUTHER HAVEN, ISAAC HAVEN, NATHAN GRIS-
WOLD, SIMEON COVILL AND JOHN MUNSON.

Where the plaintiff and one P. purchased a mail contract from the original
contractors, and executed to them a bond for the performance of the con-
tract, and procured four of the five defendants to sign with them as sure-
ties ; and afterwards the plaintiff sold his interest in said contract to P., and
took from him a like bond, signed by the remaining defendant, with one of
the others, as sureties ; and afterwards,—P. having failed to perform the
contract,—the plaintiff and the five defendants signed a contract, which re-
cited that the "*undersigned*" had taken charge of said property, and by
which they constituted the plaintiff their "agent or superintendent" on
said mail route, for which he was to "receive a reasonable compensation,"
—and by which they bound themselves to indemnify all persons who might
assist the plaintiff in the execution of said business, and also to pay the bills
which had accrued under the plaintiff and P.; it was held that the plaintiff
did not thereby become a partner with the defendants, but might sustain an
action against them on the contract.

Where a written contract was made and signed by a part of the defendants at
the day of its date, and had been acted under, it was held that, though
signed subsequently by the other defendants, they must be considered as
having adopted it as of its date, and that it was equally binding on all.

Though, by the contract the plaintiff was to receive compensation for his
services in stock on a stage road at the expiration of a contract with the
Government for carrying the mail, yet he will not be precluded from com-
mencing his action on book, to recover for such services, after the time
limited for payment has expired.

If, in such case, the stock is disposed of before the expiration of the time lim-
ited, no demand is necessary.

BOOK ACCOUNT.   The auditors reported that John Stearns, J.
W. Mason, and H. Staunton, having contracted to carry the mail
from Burlington to Derby until July 1, 1841, sold and assigned
their contract, together with the use of all their stage property, &c.,
to the plaintiff and one Palmer, who procured the defendants Isaac
Haven, Griswold, Covill, and Munson, to sign with them, as sure-
ties to the original contractors, a bond for indemnity, and for the
preservation of the stage property unimpaired.   On the 6th of May
1839 the plaintiff sold out his interest in said contract and stage

property to said Palmer, who procured the defendants Griswold and Luther Haven to sign with him, as sureties, a bond to the plaintiff.

Previous to March 28, 1840, there was a failure on the part of Palmer to perform the contract, and the original contractors, J. Stearns and Mason, took possession of the road and property, and transported the mail; and, on said 28th of March 1840, the plaintiff, and all the defendants except Covill and Munson, signed an agreement, which recited that the "undersigned" had taken charge of said property, for the purpose of transporting the mail on said route, and by which they constituted the plaintiff their "agent or superintendent" on said road, for which he was to "receive a reasonable compensation in stock on the road at the expiration of the contract;" and by which they bound themselves to indemnify all persons who might assist the plaintiff in the execution of said business, and also to pay the bills which had accrued under the plaintiff and Palmer. The defendants Covill and Munson signed said contract in September after its date.

Under this contract the plaintiff took possession of the property, and superintended and managed the same, and made payments, and incurred expenses, for which the auditors reported there was justly due him $500,41. About the time of the expiration of said contract the whole of said property was used in the payment of debts, or was disposed of by the defendants, or some of them, so that nothing remained. The plaintiff made no demand of the defendants before commencing this suit.

The county court rendered judgment for the plaintiff, to which the defendants excepted.

*C. Adams* for defendants.

1. We insist that the plaintiff cannot maintain any action against these defendants, or any of them. It is apparent, from the facts stated in the report, that the paper of March 28, 1840, had its origin in the failure of Stearns and Palmer, or of Palmer, to fulfil the bond to the original contractors with Government, and that whatever was done was to save the liabilities of the parties on their respective bonds.

Stearns *v.* Haven et al.

The previous relation of the parties to each other is not changed by this paper, and, in all that relates to it, Stearns is to be regarded as the principal, and all the defendants as sureties in different relations.

In the absence of any proof of request, the law will imply that the defendants acted at the request of Stearns, and that he is liable to them for all that they may have done and advanced.

2. If any action can be maintained by the plaintiff, we insist that the action on book cannot be maintained. The plaintiff's only remedy is by action of assumpsit on the contract of March 28, 1840.

3. Munson and Covill cannot be made chargeable in any form of action for that portion of the account which accrued previous to Sept. 1840,—the time when they became parties to the contract of March 28, 1840. And, this being a joint action, if it fail as to any part, it must fail altogether.

4. No action can be maintained without a previous demand, and nothing is stated in the report to do away the necessity of a demand.

—————————— for plaintiff.

I.   As to the first exception.

1. The defendants were not the sureties of the plaintiff. The defendants contracted jointly, and Luther Haven never was surety for the plaintiff.

2. The acts which the defendants agreed to do, and which they have done, were not in discharge of the obligation of the plaintiff. 1. The giving the contract of Mar. 28, 1840, was not in discharge of plaintiff's obligation. It was a purchase of the property and contract, by the defendants, of Palmer. 2. The paying the debts of Stearns and Palmer was not in discharge of the plaintiff's obligation, upon which the defendants, or any of them, were his sureties. 3. So of the promise to indemnify all who should assist plaintiff. See *Roberts* v. *Button et al.,* 14 Vt. 195, and cases there cited. 1 Phil. Ev. 531, C. & H.'s notes, 978-9.

II.  As to the form of the action.

1. The services and expenditures of the plaintiff are all proper subjects of book charge. *Chellis* v. *Woods,* 11 Vt. 466. *Hall et al* .v. *Peck et al.,* 10 Vt. 474.

Stearns *v.* Haven et al.

2. By signing the contract plaintiff did not become a partner, or joint contractor. Story's Part. 46.

3. There is no merger in the contract of Mar. 28, 1840.

III. To the third exception we say,

1: That all the defendants are liable from the *terms* of the contract, and that the time of signature is immaterial.

2. That the signatures of Munson and Covill *by relation* are to be considered as having been made at the time of the date of the contract. *Powell* v. *Waters*, 8 Cow. 669. *Hatch* v. *Hatch*, 9 Mass. 307. *Wheelwright* v. *Wheelwright*, 2 Mass. 452. *Ruggles* v. *Lawson*, 13 Johns. 286. *Fletcher* v. *Austin*, 11 Vt. 447. 1 Johns. Cas. 85, note, (3 Caine 261.) *Heath* v. *Ross*, 12 Johns. 140. *Broughton* v. *Fuller*, 9 Vt. 373. *Hall* v. *Cazenove*, 4 East 477. *Hinsdill* v. *Safford et al.*, 11 Vt. 309.

3. If Munson and Covill are to be regarded as becoming partners, or joint contractors, in September, they have assumed, with the other signers of the contract, *the contract*, and the liabilities arising out of it, as they *then were*. Story's Part. 235. *Ex parte Peele*, 6 Ves. 601. *Ex parte Jackson*, 1 Ves. 131. *Hope* v. *Cust*, cited 1 East 53.

IV. No demand was necessary, 1st, Because the contract had been rescinded by the defendants; and 2d, That they had disabled themselves from performing it. *Frost* v. *Clarkson*, 7 Cow. 24. *Delamater* v. *Miller*, 1 Cow. 75. *Hill* v. *Green*, 4 Pick. 114. *Stow* v. *Stevens*, 7 Vt. 27, and the cases there cited. Chit. Cont. 741, 744.

The opinion of the Court was delivered by

BENNETT, J. (After stating the case.) If Stearns and the defendants were made partners as between themselves by this written contract, then most certainly this action cannot be sustained. It is very inartificially drawn; but we think it was not the intention of the parties to form a partnership. The stage property was assigned to the defendants, and Stearns was declared to be their agent, and was to have payment for his services in stock on the road, (which we suppose means stage property,) when the Government contract had expired, in 1841. The reasons which may have induced the

defendants to have entered into the contract of March, 1840, can not be material, in giving it a construction.

Though two of the defendants did not in point of fact sign the written contract till the September after it bears date, yet, as the contract had been adopted by Stearns, and acted under by him from its date, with the knowledge of the defendants, the two defendants, who in point of fact signed it in September, must be considered as having adopted it from the time it was signed by the other defendants, and it furnishes evidence that the agreement was, in point of fact, made by all the defendants at that time.

It is said in argument that the book action will not lie in this case; but we see no sufficient ground for this objection. Though there is a special agreement as to the manner of payment, yet it is well settled that this does not preclude this form of action. The plaintiff, by the terms of his contract with the defendants, was to receive a reasonable compensation in stock on the road at the expiration of the contract with the government, which expired in July, 1841.

It is said there should have been a special demand made by the plaintiff, before he commenced his suit. But the stock had all been consumed by attachments, and a demand would have been useless. Besides, by the terms of the contract, the time, in which the plaintiff was to receive his compensation in the stock upon the road, had expired by its own limitation, before this suit was commenced. Whenever an obligation is to be discharged by collateral property in a given time, no demand is necessary.

The judgment of the County Court is affirmed.