### PORTER & BALLARD *v.* CARLTON A. MUNGER.

Where one offered as a witness is incompetent through interest, and he executes a release of his interest to the party calling him, and the act is apparently for the advantage of the party, the law will presume his assent to it, and a delivery of the instrument to his attorney will be sufficient.

Interest *is allowed in* this state, upon the price of goods sold upon a credit, after the time of credit has expired. And the same rule will be applied to contracts made in another state and to be performed there, but put in suit in this state, unless it be shown, that the *lex loci* requires a different rule.

In an action upon book account the plaintiff may recover for all of his account, which is due at the time of the hearing before the auditor, notwithstanding a portion of the account consists of charges for property sold upon a credit after the commencement of the suit, and notwithstanding the contract was made in a state, where no form of action is known, in which a recovery can be had for property sold after the suit is commenced. The question is one relating to the remedy, and is governed by the *lex fori*.

Where property is sold, with an agreement that payment shall be made by the note of the vendee, payable at a future day, and indorsed by a third person, and payment is not made in the manner agreed, the vendor may charge the property on book, and recover for it in an action upon book account.

It is no objection to the plaintiff's right of recovery, in an action upon book account, for goods sold, that he at first charged the goods to the defendant and another person, supposing that they were jointly liable therefor, it appearing that the defendant was in fact individually liable.

BOOK ACCOUNT. Judgment to account was rendered, and an auditor was appointed, who reported the facts as follows.

The plaintiffs offered as a witness James L. Porter, to whom the

defendant objected, as being interested in the event of the suit; and testimony was introduced, tending to prove such interest. The witness thereupon made and executed a full release of all his interest in the result of the suit, and delivered the release to the plaintiffs' counsel. The defendant still objected to the admission of the witness, for the reason that the plaintiffs' counsel had no authority to receive such release; but the witness was admitted by the auditor to testify.

This suit was commenced in December, 1844, and the plaintiffs claimed to recover for certain goods bargained and sold by them to the defendant in June, 1844, upon a credit of six months. The plaintiffs also sold and delivered to the defendant certain goods on the twenty fourth of May, 1845, amounting to $482,97, upon a credit of six months. These goods were charged by the plaintiffs to Munger & Paige, but the auditor found, that the defendant was chargeable with them alone. The plaintiffs commenced a suit against Munger & Paige, November 25, 1845, to recover for these goods, but were defeated, upon the ground that Munger and Paige were not jointly liable for them. It appeared, that on the twenty third of May, 1845, Munger and Paige were at the plaintiffs' store in New York, and talked about making an arrangement in some business between the plaintiffs and Munger. In that arrangement Paige was to indorse for Munger; and in connection with that business a conversation was had, that the plaintiffs were to sell more goods to Munger, and Paige would be responsible; but no definite terms were agreed upon, and Paige left the city. But on the next day, May 24, 1845, Munger completed the arrangement with the plaintiffs, and purchased the goods, which were charged to Munger & Paige. Munger and Paige were not partners, and Munger did not profess to buy the goods for Munger & Paige; but the plaintiffs supposed, from what Paige said to them, that he would become indorser for Munger, and therefore charged the goods to Munger & Paige; but no authority was given to the plaintiffs to charge the goods to Munger & Paige, and the auditor did not find, that they made a joint purchase of the goods. Munger executed a note for the amount, dated May 24, 1845, payable to Paige, or order, in six months after date, and delivered it to the plaintiffs,—which note Paige refused to indorse. The auditor found, that the plaintiffs expected Paige to indorse the note, at the

time it was received, and it not having been indorsed, that it was not a discharge of the book account. The note was attached to the auditor's report, to be cancelled, if so directed by the court. The hearing before the auditor was had on the eighteenth of September, 1848. The auditor computed interest from the time payment for the goods became due, and reported, that, if the plaintiffs were entitled to recover for the goods sold May 24, 1845, there was due from the defendant to the plaintiffs $1152,31.

The county court, November Adjourned Term, 1848,—Hall, J., presiding,—accepted the report, and rendered judgment thereon for the plaintiffs for the full amount reported by the auditor. Exceptions by defendant.

*Thrall & Smith* for defendant.

1. James L. Porter should not have been admitted as a witness. The report shows, that he was interested, and it does not appear, that the interest was of such a nature, that he could release himself. It is incumbent upon the plaintiffs to show affirmatively, that the witness was properly discharged of his interest. The release was ineffectual, for want of a party to negotiate for and receive it. The discharge of an interest in a matter implies a contract between the parties to be affected by it, and requires the necessary parties to make such contract. It is not within the scope of the duties, or powers, of counsel, to act in such matters. 6 Johns. 94. *Vail v. Conant, Adm'r*, 15 Vt. 320. *Yuran v. Randolph*, 6 Vt. 374. *Penniman v. Patchin*, 5 Vt. 352. 7 Cranch 436. *Paddock v. Colby*, 18 Vt. 488.

2. The accounts were unliquidated, and interest should not have been computed thereon. The contracts were made and to be performed in New York, and such interest should be given, as would have been given there. *Fanning v. Consequa*, 17 Johns. 511. Story on Bills 165. In New York interest is not given by the courts on unliquidated accounts, running between the parties. 1 Johns. 315. *Johnston v. Brannan*, 5 Johns. 268. *Newell v. Griswold*, 6 Johns. 45.

3. The auditor should not have allowed, in this action, the charge for the goods sold May 24, 1845. The right of action for these

goods accrued long after this action was commenced. The merits of a matter litigated, and the " rights involved in actions," are to be determined by the *lex loci contractus ;* and the measure of damages recoverable is to be determined by the same law. Story's Confl. of Laws 938. *Harrison* v. *Edwards,* 12 Vt. 648. *Peck* v. *Mayo et al.,* 14 Vt. 36. It is only the mode, or form, of securing such remedies, as the plaintiff has by the *lex loci,* that is afforded by the *lex fori,* and not the remedies themselves. Story's Confl. 935, 953. The objection in this case is not to the form of the action, but it is, that the plaintiff is allowed to recover, by virtue of the *lex fori,* increased damages in the action, above what he is entitled to by the *lex loci.* By no form of action in New York can a party recover for a cause of action, that accrues after the action is commenced.

4. The right never existed to charge on book the goods sold May 24, 1845. They were to be paid for by a note, payable to a particular order, and the note was made, agreeably to the contract, and was delivered. The case furnishes no evidence, that Munger had any responsibility for procuring the indorsement of Paige ; that was the business of the plaintiffs.

*Foot & Hodges* for plaintiffs.

An acceptance, by the plaintiffs, of the release of the witness, James L. Porter, of all his interest, is to be presumed, as the act was beneficial to them. *Bailey* v. *Culverwell,* 8 B. & C. 448, [15 E. C. L. 261.] *Townson* v. *Tickell,* 3 B. & A. 31, [5 E. C. L. 219.] *Hatch* v. *Hatch,* 9 Mass. 307. *Church* v. *Gilman,* 15 Wend. 656. Phil. Ev. 303.

It was the duty of the auditor to adjust the accounts between the parties, as they stood at the time of the audit. *Ambler* v. *Bradley,* 6 Vt. 119. *Martin* v. *Fairbanks,* 7 Vt. 97. *Pratt* v. *Gallup,* 7 Vt. 344.

The taking of the note, under the circumstances, did not operate as a *payment* for the goods delivered May 24, 1845. *Keyes* v. *Carpenter,* 3 Vt. 209. *Gilman* v. *Peck,* 11 Vt. 516. *Wainwright* v. *Webster,* 11 Vt. 576. *Torrey* v. *Baxter,* 13 Vt. 452. *Butts* v. *Dean,* 2 Met. 76.

Porter et al. *v.* Munger.

The opinion of the court was delivered by

POLAND, J.   The first question, arising upon the report of the auditor in the present case, relates to the admission of James L. Porter as a witness for the plaintiffs.

The auditor reports, that evidence was introduced, tending to show that he was interested, whereupon the witness executed a full release and discharge of all his interest in the suit, and delivered the same to the plaintiffs' counsel; that the defendant then objected to the witness for the reason, that the plaintiffs' counsel had no authority to receive such discharge; but that the witness was admitted and testified.   It does not appear from the auditor's report, what the nature of the interest of the witness was, which the evidence tended to prove, or that it was such an interest, as could be removed simply by a release and discharge from him to the plaintiffs.   But we assume from what is reported, that no question was made by the defendant, but that the interest of the witness was of that character, that it could be released, or discharged, by himself alone, and that the release, or discharge, which the witness executed to the plaintiffs, was sufficient in its terms to cut off any interest, which he might have in the result of the suit, if properly delivered to and accepted by them.   We assume this to be so, because nothing appears from the report, that the defendant made any question in regard to it, and the auditor reports nothing, from which we can infer there was any ground of objection, which could properly have been taken; and in this, as in all other cases, the party seeking to exclude a witness on the ground of interest takes the burden of proving the disqualification.   After the discharge had been executed by the witness to the plaintiff, the only objection raised to his admissibility by the defendant was the want of authority in the plaintiffs' counsel to accept the release for them; and this is the only question we have to consider upon this part of the case.

From what is reported by the auditor, it seems to us, that the inference must be, that the interest shown in the witness must have been an interest in or claim upon the debt, which the plaintiffs held against the defendant; because otherwise a mere release from him to the plaintiffs would not have extinguished the interest in him and rendered him competent.   Such being the interest, a release or discharge of it, and thus making the debt the sole property of the

plaintiffs, or releasing it from some lien or claim the witness held upon it, was an act apparently for the benefit of the plaintiffs ; and if so, upon well established principles the law would presume their assent or acceptance, even if delivered to a stranger, until the contrary was made to appear. The decisions upon this subject have gone great lengths, and courts have at various times presumed assent to and acceptance of offers and gifts, bequests and devises, and even of deeds and other conveyances of real estate. So the assent of creditors to assignments by their debtors has been presumed; and in cases where one person has assumed to act as agent for another, but without any authority to do so in fact, if his acts were apparently for the benefit and advantage of his principal, his assent thereto has been presumed. See cases collected on this subject in Cowen & Hill's Notes to Phil. Ev., Part I, 303. In this case the release being delivered to the plaintiffs, attorneys, who were acting in some sense as agents for them, we think there is ample ground to presume it was with their assent and approbation, and that the witness was properly admitted to testify. See, also, *Lady Superior &c.* v. *McNamara et al.*, 3 Barb. Ch. R. 375. *Tompkins* v. *Wheeler*, 16 Pet. 106. *Doe* v. *Knight*, 5 B. & C. 671, [12 E. C. L. 351.] *Church* v. *Gilman*, 15 Wend. 656.

2. The defendant also objects to the report of the auditor, upon the ground that he has computed interest upon the sums reported in favor of the plaintiffs from the time they severally became due by the terms of the agreement between the plaintiffs and defendant.

No question is made, but that if the parties had all resided in this state, and goods had been sold here upon a specified credit, the plaintiffs would be entitled to interest, as the auditor has computed it. The objection rests upon what is assumed to be the law of New York in such a case ; and it is doubtless true, that as this contract was made in that state, and, for aught that appears, was expected to be performed there, their law would regulate the rate and terms of the interest due to the plaintiffs. The authorities cited by the defendant from New York are merely to the effect, that upon an unliquidated running account between parties, where the balance is shifting and uncertain, interest will not be given. We apprehend, that these authorities by no means show, that under the circumstances of this case interest would not be allowed to the plaintiffs

after the expiration of the credit agreed between the parties and the plaintiffs had become entitled to payment for their goods. The courts of this state are governed by their own law in construing and enforcing contracts made in other states and countries, unless it be shown, that the *lex loci* requires a different rule; and as that is not done in this case, we think the allowance of interest by the auditor, after the credit expired, should not be disturbed.

3. The other questions raised in this case all relate to the allowance by the auditor of the bill of goods sold by the plaintiffs to the defendant on the twenty fourth day of May, 1845, (which was after the commencement of this suit.)

The first objection of the defendant to the allowance of this bill of goods is based upon this ground,—that they were sold and delivered, after this suit had been brought. It is not questioned, but that by the laws of this state, if the goods had been sold here, the plaintiffs would have been entitled to recover this item, inasmuch as the credit had expired previous to the trial before the auditor. This objection is also based upon the ground, that the sale and delivery of the goods was in New York, and by the law of New York the plaintiffs there could not have recovered the price in any action commenced before the credit expired;—it is insisted, that the same rule must apply here.

It is well settled, that the *lex loci contractus* forms the rule, by which the validity, obligation, interpretation, construction and effect of all contracts in relation to personal estate are to be governed. So, too, the competency of parties to contract, and, in general, every thing, which is necessary to perfect and consummate the contract, depend upon the *lex loci*. This is founded upon the supposition, that the parties contract in reference to the laws, where they are situate, and intend to have their contract governed by those laws, unless a contrary intent be shown. Upon the other hand it is equally well settled, that every thing pertaining to the *remedy* for enforcing performance of a contract, wherever made, is governed wholly by the *lex fori*. The defendant claims, that this is a question affecting the validity and obligation of the contract itself, and not relating merely to the legal remedy to enforce it.

It has long been settled, that the form of the action, the mode of proceeding and every thing pertaining to the manner of obtaining

Porter et al. *v.* Munger.

redress belong to the remedy merely, and are governed by the *lex fori*. So it is settled, that the questions, when a debt becomes barred by the lapse of time, when and in what manner offsets will be allowed, whether the debtor's body can be arrested upon the debt, and many other things, having in effect a serious and important influence upon the rights of the parties, are governed by the *lex fori*, and not by the *lex loci*. In this case, in the state of New York, where the contract was made, the plaintiffs could not have brought their suit on book, because they have no such action; but no question is made by counsel, but what they may sue in that form here, and thus make themselves witnesses in support of their claim, —which they could not do in New York. So if a suit had been brought in New York, the plaintiffs would have had no right to seize property, until after a recovery of judgment; but it is otherwise here.

Upon a full consideration of the numerous authorities, which have been cited on this subject, we are fully satisfied, that this is a question relating to the remedy merely, and governed by our law; for it would be a singular state of things, if the law of New York is to govern as to the time when an action may be commenced here, but our own law must govern in relation to the time, when the parties' right to maintain a suit shall be barred. See Story's Confl. of Laws, sec. 571 *et seq*. *Pickering* v. *Fisk*, 6 Vt. 102.

The defendant also objects to the allowance of this bill of goods for another reason. He insists, that the plaintiffs never had any right to charge them on book account,—and also, that the plaintiffs accepted his note in payment for that bill.

The auditor reports, that the plaintiffs, at the time, charged the goods to Munger & Paige, supposing Paige to be jointly liable with the defendant, and subsequently brought a suit against the defendant and Paige jointly, in which suit they failed, upon the ground that the goods should have been charged to the defendant alone. The auditor reports, that at the time of the sale of this last bill of goods by the plaintiffs to the defendant the plaintiffs expected to receive the defendant's note, payable in six months, indorsed by Paige. The report does not say, that it was so agreed between the plaintiffs and the defendant; but such, it would seem, must be the necessary inference from the facts reported; for the defendant at the same

time executed his note for the amount of that purchase, payable to Paige, or order, and delivered it to the plaintiffs, who presented it to Paige, to be by him indorsed, which he refused to do. The auditor therefore found, that the note operated as no payment, or discharge, of the account.

Whatever might have been the decisions at an early period in this state, it is now settled, beyond controversy, that it forms no objection to charging for property sold, or for services performed, that at the time of such sale, or performance of such service, there was a special contract made as to the mode and time of payment therefor, if such payment has not been made. So in this case, if it was agreed between the plaintiffs and the defendant, that this bill of goods should be paid for by the defendant's note, indorsed by Paige, as found by the auditor, and payment was not made in that way, the plaintiffs might well charge them on book and recover for them in this form of action. The fact, that they first charged the goods to Munger & Paige and endeavored to maintain an action against them jointly, is a matter of no importance; for the auditor has found, that the defendant was alone liable, and that they should have been charged to him alone.

We find no error in the judgment of the county court, and the same is therefore affirmed.