HON. ASA O. ALDIS,
HON. JAMES BARRETT, } ASSISTANT JUDGES.
HON. LOYAL C. KELLOGG,

---

### J. & A. KENT v. W. H. BOWKER.

*Contract. Exchange. Assumpsit. Pleading.*

The plaintiffs sold certain cattle to the defendant for a specified price; they were delivered to the defendant and the title vested in him upon his promise to make payment in the future by the delivery of a certain number of boots of a particular quality, at a specified price, which was no more than their cash value. Having failed to make the payment according to the terms of his contract, it is held the defendant was bound to pay the agreed price in money, and by the whole course of decisions in this state the plaintiffs might well sue and recover the balance of the price in an action of general assumpsit for goods sold.

GENERAL ASSUMPSIT to recover for cattle sold and delivered. Plea, the general issue, and trial by jury, March Term, 1864, PECK,

J., presiding.  The facts are sufficiently set forth in the opinion. Verdict for the plaintiffs,—exceptions by the defendant.

*Peck & Fifield*, for the defendant.

*Redfield & Gleason*, for the plaintiffs.

The opinion of the court was delivered by

POLAND, Ch. J.  Several questions made by the defendant on the trial of this case in the county court, and insisted on as objections to the plaintiffs' right of recovery, are not now made.

On the argument the defendant rests his case wholly upon this ground, that the facts proved by the plaintiffs, qualified by what the defendant's evidence proved, or tended to prove, will not sustain an action of general assumpsit for cattle sold and delivered.  The plaintiffs filed a special count setting forth the contract between the plaintiffs and the defendant, out of which the litigation grew, but the exceptions say that the plaintiffs elected to proceed simply for cattle sold and delivered, so that we regard the recovery as having been obtained upon a count in general assumpsit.  It is a little remarkable that the only question now made by the defendant, does not appear by the exceptions to have been made at all in the county court.  But as the question has been treated as properly before us, we have considered and decided it.  The plaintiffs' evidence tended to show that they sold to the defendant's agent certain cattle for the price of $282., and received one case and seven pairs of boots at $42., toward the price and that the balance of $240. was to be paid in ten cases of boots of a particular description and quality, to be forwarded from Massachusetts to the plaintiffs at their residence in Calais.  That the cattle were delivered to, and accepted by, the defendant, and the boots forwarded to the plaintiffs to pay for them, but that the boots were not of such character and quality as the defendant agreed to deliver, and therefore the plaintiffs refused to accept them, and the defendant neglected and refused to deliver any others.

The exceptions say that the defendant then gave evidence tending to prove that the contract between the defendant's agent and the plaintiffs, was for an exchange of boots for cattle, and that the cattle were valued at more than their real value, because it was a barter trade, but that nothing was said about their being over-valued

for that or any other reason. The defendant's evidence was that the boots which he agreed to deliver to the plaintiffs were worth in cash the price agreed upon.

We can hardly understand what is meant by the statement that the defendant's evidence tended to show that the contract was for an exchange of boots for cattle. We do not understand that the defendant controverted that a price was fixed upon the cattle, and that he agreed to receive them, and did receive them, at that price, and agreed to pay for them in boots at a certain fixed price, and of a particular quality, and which he claimed were fully worth that price in cash. We cannot see how it varied the real trade, or the legal effect of it, or the proper remedy to enforce it. It seems to have been rather a difference in name, than in substance. The defendant called it an exchange, and if the contract had been fulfilled, in a sense it would have been ; the plaintiffs would have received boots for their cattle. The defendant claimed that the price fixed upon the cattle was greater than their true value, because it was a barter trade, but nothing of that sort was mentioned between the parties, and he assented to take them at the price fixed. We cannot see that this amounts to anything more than this, that the defendant agreed to give more for the cattle than they were worth, but it is not claimed there was any fraud or unfairness about the sale, and it was the defendant's own folly that he agreed to give more than the real value of the cattle. If the defendant's evidence had been that the value of both cattle and boots were fixed without reference to the real value of either, but was merely conventional, and merely to make them relatively equal, such a showing might have had an important influence on the damages the plaintiffs would have been entitled to, on a failure by the defendant to perform by delivering the boots. But as the plaintiffs performed on their part by delivering the cattle, and the defendant agrees that the boots he was to deliver for them were worth the full price at which they were fixed in the contract, it seems wholly immaterial whether the cattle were of the full value fixed in the contract or not.

The court told the jury that if the defendant had not fulfilled the contract on his part by delivering the boots of the character and quality agreed, that it was not material whether the contract was an

exchange of cattle for boots, or a sale of cattle to be paid for in boots, that as a price was agreed on by the parties, and that no more than the real value, that would be the measure of damages if the boots were not delivered. It seems manifest that this was said in reference to the amount of the plaintiffs' recovery, and with no view to the particular form of the action, and in that view was unquestionably correct. We do not understand the court to have intended, or to have said, that there might not be a contract for a swap or exchange of property, executed by a delivery on the one part, and not upon the other, where general assumpsit would not be the proper remedy against the party in default. We find no occasion to consider what the proper remedy would be on a strict contract for a swap or exchange of one specific chattel or thing for another, without valuation or price fixed upon either, and executed by delivery by one party only. In *Mitchell* v. *Gile*, 12 N. H. 390, the defendant had taken a quantity of wood off the plaintiffs' land under an agreement that he was to deliver the same quantity of wood to the plaintiff when he should call for it. The plaintiff demanded the wood of the defendant, and the defendant neglected to deliver it.

The court held that an action of assumpsit for wood sold and delivered, would not lie ; but that the proper declaration would have been for a breach of the agreement to deliver the wood. With the decision of the case upon its own peculiar facts, we are not disposed to take issue. In the opinion of the court it is said : " In general, where goods are sold to be paid for wholly, or in part, by other goods, or by the defendant's labor, or otherwise than in money, the action must be on the agreement, and for a breech of it, and not for goods sold and delivered." This is contrary to the whole course of decisions in this state, and the case of *Way* v. *Wakefield*, 7 Vt. 223, is cited as establishing a different doctrine in this state.

The law upon this subject has been so often declared by repeated decisions in this state, that we have not thought it important to examine the decisions of the English courts, but we have great doubts whether the general principle above laid down by the New Hampshire court will be found sustained by them. In *Forsyth* v. *Jervis*, 1 Starkie 437, the plaintiff sold a gun to the defendant for forty-five guineas, and agreed to take of the defendant a gun in part payment

Kent et al. *v.* Bowker.

at the price of thirty guineas. The defendant having refused to deliver the gun to the plaintiff according to the contract, it was held that the plaintiff could recover the price of the gun sold by him to the defendant, under a declaration for goods sold and delivered. In this state it has been repeatedly and uniformly held, that where goods are sold, or services performed under a special contract for payment in other goods, or in services, and the time of payment has elapsed, and payment not made according to the contract, that such special agreement is no obstacle to a recovery in general assumpsit, or by an action on book account. *Way* v. *Wakefield,* cited above; *Stearns* v. *Haven,* 16 Vt. 87; *Mattocks* v. *Lyman, Ib.* 113; *Eddy* v. *Stafford,* 18 Vt. 235; *Porter* v. *Munger,* 22 Vt. 191; *Waterman* v. *Stimpson,* 24 Vt. 511. Cases where this principle has been decided or recognized in this state, might be cited almost indefinitely.

The facts of this case present every characteristic of a sale. The plaintiffs sold their cattle to the defendant for a specified price; they were delivered to the defendant and the title vested in him, upon his promise to make payment in the future. This he agreed to do, by the delivery of a certain number of boots of a particular quality at a specified price, which he admits was no greater than their cash value. Having failed to make the payment according to the terms of his contract, he was bound to pay the agreed price in money, and by the whole course of decisions in this state the plaintiffs might well sue and recover the balance of the price in an action of general assumpsit for goods sold.

Judgment affirmed,