GEORGE G. SMITH v. H. O. COOLIDGE.

May Term, 1896.

*Contract payable in specific articles. Default. Reinstatement.*

1.  A contract payable in specific articles may, within the time
    limited, be paid either in the property specified or in money
    at the option of the debtor, but after the expiration of that
    time it becomes payable in money.
2.  If a contract is payable in a commodity as ordered by the payee,
    the failure to fill an order renders the balance due payable
    in money.
3.  And when this default has once occurred the mere acceptance
    of another order in the course of business does not of itself
    reinstate the contract.

General assumpsit. Heard upon the report of a referee
at the September term, 1895, Windham county, Tyler, J.,
presiding. Judgment for the defendant. The plaintiff
excepts.

The action was for the recovery of a balance due the
plaintiff on open account. It appeared that the plaintiff in
1888 was a general merchant doing business in South Lon-
donderry, and so remained down to the time of the
hearing. The defendants, Coolidge and Batchelder, were
in 1888 manufacturers and dealers in confectionery in Brat-
tleboro, under the style of F. L. Batchelder & Co. In
September, 1888, the defendant Coolidge purchased of the
plaintiff for the firm a quantity of maple sugar and agreed
to pay for the same in confectionery to be delivered to the

plaintiff in South Londonderry in such quantities and at such times as thereafter ordered.

Under this agreement the plaintiff shipped the sugar to the defendants and sent them from time to time orders for confectionery to be applied on this account. These orders were filled down to and including April, 1889.

In the fall of 1888 the defendant Coolidge retired from the firm and Batchelder continued the business alone at Brattleboro, filling the orders of the plaintiff down to February, 1889. He then sold out his business at Brattleboro and moved to Manchester, N. H., where he engaged in the same business and where he continued to fill the orders of the plaintiff for the months of March and April. In May and June the plaintiff sent Batchelder several orders which were not filled.

Not being able to obtain payment from Batchelder, the plaintiff wrote Coolidge that he should look to him for payment, and after some further correspondence, Coolidge wrote the plaintiff that he had made arrangements with one Miller of Brattleboro to fill the plaintiff's orders on his account, and the plaintiff sent Miller one order which was properly filled. About this time the plaintiff and Coolidge had a looking over of accounts, in which Coolidge insisted that the plaintiff had received more confectionery than he had given credit for. Some feeling arose during the conversation and the plaintiff then said that he claimed that the account had become payable in money by reason of the failure of Batchelder to fill his orders in May and June, and that he should insist upon the payment of the balance of the account in money; and soon after this he brought this suit.

The referee found that Coolidge had in fact made an arrangement with Miller to fill the orders of the plaintiff; that Miller had properly filled the order which was sent him and was at all times ready to fill orders for the balance of the amount due.

*A. E. Cudworth* and *L. M. Read* for the plaintiff.

In consequence of the failure of the defendant to fill the plaintiff's orders according to the terms of the agreement, the balance due became payable in money. *Way* v. *Wakefield*, 7 Vt. 223; *Perry* v. *Smith*, 22 Vt. 301; *Kent* v. *Bowker*, 38 Vt. 148; *Read* v. *Sturtevant*, 40 Vt. 521; *Wilkins* v. *Stevens*, 8 Vt. 214; *Wainwright* v. *Straw*, 15 Vt. 215.

The plaintiff's account having become payable in money he cannot be compelled to receive anything else in payment except by virtue of some subsequent agreement to do so. In this case no such agreement is shown. *Dunken* v. *Goodnow*, 34 Atl. Rep. 427.

*Waterman, Martin & Hill* for the defendant.

The order sent by the plaintiff to Miller was an acceptance of the defendant's proposition to substitute Miller for the firm of Batchelder & Co., and the plaintiff could not exact payment in money or damages for non-payment unless Miller failed to fill his orders. *Brown* v. *Guarantee Trust Co.*, 128 U. S. 403; *Bass* v. *Gilliland*, 5 Ala. 761; *Stewart* v. *Stokes*, 33 Ala. 494; *Barsolon* v. *Newton*, 63 Cal. 223; *Moody* v. *Griffin*, 60 Ga. 459; *Morgan* v. *Scott*, 26 Pa. 51; *Hutchinson* v. *McNutt*, 1 Ohio 14; *Collins* v. *Vandever*, 1 Ia. 573; *Logan* v. *McCark*, 2 A. K. Marsh., Ky., 224; *Hull* v. *Sturdivant*, 46 Me. 34; *Schroeppel* v. *Hopper*, 40 Barb. 425; *Battell* v. *Matot*, 58 Vt. 271.

MUNSON, J. The referee reports that the defendant purchased of the plaintiff a quantity of maple sugar, and agreed to pay for it in confectionery, to be delivered to the plaintiff at South Londonderry, at such times and in such quantities as the plaintiff should thereafter order. It is also found, in regard to certain shipments of confectionery, that the price and quality of the goods were satisfactory to the plaintiff.

It is evident from these findings that a price was put upon the maple sugar and that the amount was to be paid in confectionery at the current rates. So the case presented is that of a sale in consideration of a payment to be made in specific articles; and it is to be disposed of in accordance with the rules heretofore held applicable in such cases.

In this state, an agreement to pay in specific articles is presumed to have been intended for the benefit of the debtor, and is held to entitle him to make payment either in the property named or in cash. But if the obligation is not met when due this option is lost, and the debtor must then make payment in money at the price fixed. The demand is afterwards treated in every respect as if it had always been payable in money, except as regards negotiability in cases where the obligation is in the form of a note. Chip. on Con. 35; *Wilkins* v. *Stevens*, 8 Vt. 214; *Perry* v. *Smith*, 22 Vt. 301; *Kent* v. *Bowker*, 38 Vt. 148.

In this case, Batchelder's failure to fill the order sent in May was a breach of the contract as regards the time of payment, and the unsatisfied balance thereupon became payable in money. It was of course competent for the parties, by a sufficient agreement, to reinstate the contract in its original terms; but the ordering of another bill of goods upon the solicitation of the defendant, without any accompanying expression of intention, was not sufficient to accomplish this. It had no more effect than a similar transaction would have had in the case of an ordinary note. The obligation having become payable in money, the plaintiff could accept part payment in goods at his pleasure, and still require that further payment be made in money.

*Judgment reversed and judgment for plaintiff.*

Taft, J., did not sit, being in county court.