Martin *v.* Fuller.

## CYRUS B. MARTIN *v.* RUFUS M. FULLER.

When goods have been sold on a credit, with an agreement that the purchaser shall give security for the payment of the price, the vendor cannot recover the value of the goods under the general count for goods sold and delivered, if it do not appear that the required security has been demanded and refused. He must count specially upon the promise.

ASSUMPSIT. The declaration set forth that the plaintiff had sold and delivered to the defendant a quantity of merchandize,—that the defendant thereupon agreed to give the plaintiff *security* for the payment of the price agreed upon, — and that, the plaintiff having demanded the security, the defendant neglected and refused to furnish it. There was also a count in *indeb. assumpsit* for goods &c. sold and delivered.

The plaintiff gave in evidence the following contract: "Whereas Cyrus B. Martin, of Charlotte, has this day sold to Rufus M. Fuller his stock of goods and fixtures in his store, embracing all his goods, &c., according to invoice of said goods, and agrees to rent his said store to said Fuller, — the length of time and price of rent to be hereafter agreed on; and the said R. M. Fuller agrees to secure the said Martin on all of his said goods and demands, or such other

Martin *v.* Fuller.

security as the said Martin and Fuller may hereafter agree on. The payments for said goods are to be on such terms as the said Martin and Fuller may hereafter agree on. The said Martin reserves the right of keeping the post office and books, &c., in said store during the said Fuller's lease. Charlotte, September 21, 1841.

CYRUS B. MARTIN.<br>R. M. FULLER."

It appeared that the defendant received the goods, and that, subsequently, the parties agreed that the goods should be paid for, one half in one year, and the remainder in two years from the date of the contract, — the defendant to give the plaintiff security for the payment, as contemplated in the written contract.

Whether the security was in fact demanded and refused did not distinctly appear from the bill of exceptions allowed in the case, contradictory testimony upon this point being detailed. The defendant, after taking possession of the goods, proceeded to sell them by retail, and had sold about half of them, when the plaintiff brought this action and attached the remaining goods, which were all the attachable property the defendant had; and the defendant has since then been insolvent.

The court directed the jury to return a verdict for the plaintiff, for the value of the goods, under the general count in his declaration; to which the defendant excepted.

*Hyde & Peck* for defendant.

The written memorandum of the contract is, on the face of it, incomplete, and contemplates a further agreement of the parties to carry out the details. The parties soon after agreeing that " the goods should be paid for, one half in one year, and the residue in two years," the contract then became complete, and was a sale on a credit of one and two years; the defendant was to give security " as contemplated in the written contract." The credit not having expired at the commencement of the action, no recovery can be had on the general counts; the action should be special for not giving security. *Mussen* v. *Price et al.*, 4 East 147. *Hoskins* v. *Duperoy*, 9 East 498. *Dutton* v. *Solomonson*, 3 B. & P. 582. *Cathay et al.* v. *Murray*, 1 Camp. 335. *Brook et al. v. White*, 4 B. & P. [1 New R.] 330.

*Allen & Platt*, for plaintiff,

Contended that no unconditional time for payment was ever agreed upon,—that the case showed a refusal on the part of the defendant to furnish the required security,—and that consequently the plaintiff was entitled to his action immediately for goods sold and delivered.

The opinion of the court was delivered by

Williams, Ch. J.    On an examination of the contract, together with the testimony, we cannot consider the transaction in any other view than as a sale on *time*,—the defendant to furnish security,— the time to be thereafter agreed upon.   The time was agreed on at one and two years.   Whether security was in fact offered and refused we cannot determine, as the exceptions find that the testimony on that point was contradictory.   The verdict could not, therefore, have been directed by the court below on the general counts, unless they considered that it was wholly immaterial whether security was offered or not,—as that was a question of fact, to be decided by the jury.   We think the court below erred in ordering a verdict for the plaintiff.   If he can recover at all, it must be on his special count. The cases of *Hoskins* v. *Duperoy*, 9 East 498, *Cathay et al.* v. *Murray*, 1 Camp. 335, *Dutton* v. *Solomonson*, 3 B. & P. 582, and *Brook et al.* v. *White*, 1 New Rep. 332, are decisive of the case before us.   The judgment of the county court is, therefore, reversed.