Scott *v.* Montague.

### MADISON SCOTT *v.* RUFUS MONTAGUE.

If an article be sold, to be paid for by giving a note payable in one, two, or five years at the option of the purchaser, and no note be demanded, and no election be asked for, or made, no recovery can be had for the article until the five years have expired.

BOOK ACCOUNT.    Controversy was had in the court below in reference to one item only of the plaintiff's account, being for $25.00 which the defendant agreed to pay as difference between wagons exchanged by the parties.    The auditor reported, in reference to it, that the defendant " agreed to pay that sum, with interest, at one, two, or five years, at the defendant's option," and that the defendant was to give his note for that sum, payable as before stated.    The wagon was not then taken by the defendant, but was subsequently taken by him from the plaintiff's house,—the plaintiff being present,—and at that time the defendant did not offer the note, nor did the plaintiff ask for it; nor was the note either offered or demanded at any time prior to the commencement of the suit.

The county court rendered judgment for the defendant.    Exceptions by plaintiff.

*H. E. Hubbell* for plaintiff.

The most natural and obvious construction of the contract, as found by the auditor, is, that, inasmuch as the contract was made sometime prior to the delivery of the wagon, it must have been understood by the parties that, when the defendant should take it away, he should deliver to the plaintiff his note. The fact that the note was to be on interest is, in our view, conclusive upon this point, as interest would commence at the time of delivery.

Again, the plaintiff, by delivering the wagon, had done all he was required to do by the terms of the contract; the defendant should, then, in order to have fulfilled his part, have tendered to the plaintiff his note; this would have been according to the common course of transacting the business.

*Stevens & Seymour* for defendant.

The plaintiff was premature in the commencement of his action. The defendant had his election as to the length of credit; and, if no election was signified at the time of taking the wagon, that time of credit should be taken to be the choice of the defendant, which is to him most advantageous. 2 Phil. Ev. 113. 11 Vt. 510.

The opinion of the court was delivered by

REDFIELD, J. The auditor reports, in reference to the difference in wagons charged in the plaintiff's account, that it was to have been settled by the defendant's giving his note for the amount, " payable in one, two, or five years, at his option." No note has ever been offered or asked for, and the time has not now elapsed. We consider the contract to have been for a credit of five years, if the defendant did not otherwise elect. He has not been called upon to make any election, and has in fact made none. No recovery can be had for that item.                    Judgment affirmed.