#### FOR THE

## COUNTY OF RUTLAND.

### February Term, 1846.

---

#### PRESENT,

Hon. CHARLES K. WILLIAMS, Chief Judge.
Hon. ISAAC F. REDFIELD,
Hon. MILO L. BENNETT, } Assistant Judges.
Hon. DANIEL KELLOGG.

---

## Hosea Eddy v. Darius Stafford.

When goods are sold, to be paid for by a promissory note payable at a future day, with surety, and the vendee neglects, or refuses, to deliver the note, the vendor cannot sustain an action on book account for the goods, until after the time at which the note would have become due. The proper remedy is by a special action upon the contract.

Book Account. Judgment to account was rendered in the county court, and an auditor was appointed, who reported, in substance, that the account presented by the plaintiff consisted mainly of a charge for certain personal property, which was sold by the

---

Eddy *v.* Stafford.

---

plaintiff to the defendant, September 23, 1843, for two hundred dollars, under an agreement that it was to be paid for by three promissory notes, one for fifty dollars, to be signed by the defendant and made payable in February, 1844, one for fifty dollars, to be signed by the defendant and made payable in one year, and the third for one hundred dollars, to be signed by the defendant, with surety, and made payable in two years, which time had not expired at the time of the hearing before the auditor; that the two first notes were executed by the defendant and delivered to the plaintiff at the time of the sale; and that the third note was executed by the defendant and the person agreed upon as surety, but was *retained by the defendant,* and that the defendant eventually refused to deliver it to the plaintiff, although demanded by him. And the auditor reported, that, if the charge for this property was not allowed to the plaintiff, there was a balance due to the defendant of $2,14.

The county court,—WILLIAMS, Ch. J, presiding,—rendered judgment for the defendant, upon the report; to which decision the plaintiff excepted.

*H. Button* for plaintiff.

It is insisted, that the defendant cannot legally claim the benefit of the stipulation for time, unless he has complied, on his part, with the terms of the contract, by which a credit was to have been given. The giving the notes was a material and substantial part of the contract, and the defendant cannot claim the credit, while he at the same time repudiates and refuses to comply with this part of the contract. *Tyson v. Doe,* 15 Vt. 571. 1 N. Y. Dig. 188. *Giles v. Edwards,* 7 T. R. 177.

*M. G. Everts* and *C. B. Harrington* for defendant.

The action on book account cannot be sustained, unless the right to charge existed at the time of the sale and delivery of the articles sued for; *Slason v. Davis,* 1 Aik. 73; *Nason v. Crocker,* 11 Vt. 463. The fact, in this case, that the third note was not delivered, according to the contract, gave the plaintiff no right to charge the property on book and recover for it in this form of action. It was merely a breach of contract on the part of the defendant, for which the plaintiff's only remedy is by a special action of assumpsit. *Hos-*

Eddy *v.* Stafford.

*kins* v. *Duperoy,* 9 East 493. *Dutton* v. *Solomonson,* 3 B. & P. 582. *Cothay* v. *Murray,* 1 Camp. 335. *Brook et al.* v. *White,* 1 New Rep. 332. *Smith* v. *Smith,* 14 Vt. 440. *Martin* v. *Fuller,* 16 Vt. 108. *Hanna* v. *Mills et al.,* 21 Wend. 90.

The opinion of the court was delivered by

REDFIELD, J. After the decisions of this court in *Martin* v. *Fuller,* 16 Vt. 108, and *Scott* v. *Montague,* 16 Vt. 164, it is impossible to consider this a sale for payment in hand. It was, as to the one hundred dollar note, a sale upon two years' credit, which had not expired at the time of rendering the judgment in the court below. That being the fact, the cases referred to equally settle the point, that neither *indebitatus assumpsit,* nor book account, can be maintained. The case, then, was correctly decided in the court below.

The English decisions seem, also, fully to confirm the same view ; 1, That it is a sale upon credit ; *Mussen* v. *Price,* 4 East 147 ; *Millar* v. *Shaw,* cited in the argument of *Mussen* v. *Price* ;—2, That the action of *indebitatus assumpsit* will not lie until the credit is expired,—cases cited last above ; also *Dutton* v. *Solomonson,* 3 B. & P. 582,—even where the vendee refuses to accept a bill drawn by the vendor for the price. But if the goods are to be paid for by a bill upon a third person, payable upon time, which the drawee refuses to accept, it would seem to be the doctrine of the English cases, that the vendor might sue immediately ; *Hickling* v. *Hardy,* 7 Taunt. 311, [2 E. C. L. 118.] But where the contract was so fraudulent, that the vendor might have disregarded it and maintained troyer, it was held, that, having sued upon it, he thereby affirmed it, and, being on time, that he could not maintain *indebitatus assumpsit,* until the credit had expired ; *Ferguson* v. *Carrington,* 9 B. & C. 59, [17 E. C. L. 330.] But all the English cases, where the subject is named, concur in the proposition, that a special action upon the contract to give the securities stipulated may be maintained, whenever any default in that particular arises.

Judgment affirmed.