## JENKS *versus* MATHEWS.

An express contract, there being no fraud or misapprehension of the *facts*, cannot be set aside by one of the parties, so as to substitute an implied one.

The estate of a deceased person is not liable to pay for mourning apparel, purchased after his death, by his family.

One who furnishes such apparel, believing the estate to be liable for it, and *expressly* stipulating that he would resort only to the estate for his pay, cannot maintain an action therefor against any of the family upon an *implied* promise.

A misapprehension of the *law* by a party, will not authorize him to rescind an express contract, if there have been no *fraud* and no misapprehension of the *facts*.

ASSUMPSIT. At the death of the defendant's husband, one of her daughters, being one of the heirs of the deceased, requested

a third person to obtain from the plaintiff some mourning apparel for the defendant and her children; provided he would furnish them as a charge upon the estate of the deceased; which he accordingly did.

The defendant objected to purchasing the articles, because of her inability to pay. But, on being assured by the daughter, that they would be procured at the expense of the estate, she consented to receive them. The administrator refused to pay, and this action is brought against the widow to recover the value of the articles.

*F. D. Sewall,* for plaintiff.

1. An estate is not liable for mourning apparel purchased for the use of the widow, after the decease of the husband.

2. Where one consents, under a mistake of the law, to enter a charge upon his books to an estate, supposing the estate can be made liable, the law will not oblige him to abide by the agreement, and thus lose his remedy on the person, for whose use the goods were sold. *Warder* v. *Tucker,* 7 Mass. 449; *Freeman* v. *Boynton,* 7 Mass. 485; *Downing* v. *Freeman,* 13 Maine, 90.

3. From the facts in the case, it appeared that there was a contract between the parties, and the intention of the parties is to be taken to explain that contract.

4. If the defendant knowingly accepted and used the goods, purchased for her by a third person, she will be held to pay a reasonable compensation for them. *Abbott* v. *Hermon,* 7 Maine, 18.

*Gilbert,* for the defendant.

WELLS, J. — By the contract between the parties, the plaintiff delivered the goods to the defendant as a charge upon the estate of her husband. The defendant declined to take the goods and make payment for them herself. She would receive them, if the plaintiff would look to the estate for compensation. He made inquiries, found it to be solvent, and delivered the goods. Both parties appear to have labored under a mutual mistake as to the legal liability of the estate. Not

being able to enforce his claim against it, the plaintiff contends that the defendant is liable upon an implied assumpsit.

It is a general rule, that where there is a special contract, it must be observed, and a party cannot resort to an implied one. But fraud and imposition constitute an exception to this rule, and the party defrauded has a right to rescind the special contract, and he is then remitted to the implied one. *Downing* v. *Freeman*, 13 Maine, 90; *Biddle* v. *Levy*, 1 Stark. 17.

But in this case there is no fraud, a mere mistake in supposing that the plaintiff had a legal claim against the estate of the deceased. Not a mistake of any fact, but a mistake of law.

The plaintiff is not at liberty to change the contract into which he has entered, by alleging his ignorance or mistake of the law.

"It is a well known maxim that ignorance of law will not furnish an excuse for any person, either for a breach or an omission of duty. *Ignorantia legis neminem excusat*; and this maxim is equally as much respected in equity, as in law." 1 Story's Eq. Juris. sect. 111. It is also said "that ignorance of the law, with a full knowledge of the facts, furnishes no ground to rescind agreements, or to set aside solemn acts of the parties." *Ibid.* sect. 137.

A person cannot be permitted to avoid the operation of an agreement, which he has made, with a full knowledge of the facts, on the ground of ignorance of the legal consequences, which flow from them. He is bound by the legal incidents of his contract, however ignorant he may be in relation to them, unless fraud or imposition be practised upon him. *Shotwell* v. *Murray*, 1 Johns. Chan. 512; Story on Sales, sect. 142 and 143.

If the defendant had sold a claim against the estate to the plaintiff, he having a full knowledge of all the facts in relation to it, although it should have proved invalid, and could not have been enforced against the estate, he could not reclaim the money paid for it. *Norton* v. *Marden*, 15 Maine, 45; *Norris* v. *Blethen*, 19 Maine, 348. The principle is the same, which

must govern the present case. The same result must follow, whether one pays money or sells his goods in ignorance of the law applicable to his contract.

This is not an executory contract, which may be defended for a want of consideration, but an executed one, fully performed and completed. The defendant was not to pay the price of the goods, but that was to be claimed of the estate. The plaintiff might have given them to the defendant, if he had chosen so to do, and after a delivery, he could not have reclaimed them.

His conduct is equivalent to saying, I will let you have the goods, and take the risk of obtaining my pay for them, from the estate. And the contract must be held as binding upon the parties, in the true and just sense which was intended, and cannot be changed, because in its operation, the plaintiff has met with an unexpected loss.

*According to the agreement of the parties,*

*a nonsuit must be entered.*