JAMES WINCHELL, Administrator of JOHN SHUMWAY, *v.* WILLIAM P. NOYES.

### *Waiver of tort.*

Where goods are taken tortiously and converted to the use of the *tort feasor*, the one entitled to the goods cannot maintain against the *tort feasor indebitatus assumpsit* for goods sold and delivered.

INDEBITATUS ASSUMPSIT for goods, wares and merchandize sold and delivered. Plea, the general issue, and trial by the court, April Term, 1850,—HALL, J., presiding.

Winchell, Adm'r, *v*. Noyes.

The testator, John Shumway, died in 1839, leaving a will, of which one Warren Shumway was executor. The property described in the declaration belonged to the estate of John Shumway, and while it was in the hands of Warren Shumway, as executor, for the purpose of being administered upon in due course of law, it was taken by the defendant, upon writs of attachment in his favor against Warren Shumway for his own individual debts, and was ultimately sold upon the executions obtained in those suits. After this taking and sale Warren Shumway resigned his trust as executor, and the plaintiff was appointed administrator *de bonis non*, with the will annexed, of the estate of John Shumway, and afterwards brought this suit. Upon these facts the county court rendered judgment in favor of the defendant. Exceptions by plaintiff.

*J. B. Beaman* and *E. Edgerton* for plaintiff.

An action accrued to the first administrator, to recover the value of the goods. "If the intestate's property has been taken in the interim between his death and administration granted, the administrator's title relates to the death, and so he may sue for the asportation." Ham. on Part. 149. And the fact, that the goods were taken in execution on the personal debt of the first administrator, forms no exception to the rule. *Farr* v. *Newman*, 4 T. R. 621. The first administrator, had he continued in office, might have waived the tort, and sued in assumpsit,—"the law implying a contract in favor of the party entitled." 1 Chit. Pl. 113, 114. Chit. on Cont. 23, note (1,) citing *Hill* v. *Davis*, 3 N. H. 386. The administrator *de bonis non* "shall have the same power, and shall proceed in the same manner, as the former administrator should have had, or done;"—Rev. St. 265, § 15;—and a promise to the first administrator will support an action by the second administrator, counting upon the promise as made to the second administrator. *Hirst* v. *Smith*, 7 T. R. 183. Ham. on Part. 155, (note 108.) The common counts furnish the proper remedy. 1 Chit. Pl. 379, (note *i*,) citing 3 Taunt. 274, and 1 B. & C. 101.

*J. S. Harris*, for defendant, insisted, that the action should have been trover for the goods, and should have been brought in the name of Warren Shumway,—citing Esp. N. P. 98.

The opinion of the court was delivered by

REDFIELD, J. We should be inclined to believe, that the present plaintiff, as administrator *de bonis non,* succeeded to all rights of action, existing on behalf of the estate, whether they accrued during the life time of the testator, or since his decease, as well before, as since the resignation of the executor, the same as under the English statute of Charles.

If that be so, the plaintiff might clearly have maintained trover, or trespass, for the goods taken by the defendant. And I see no reason to doubt, he might have waived the tort, and maintained *indebitatus assumpsit* for the money, which the defendant received upon the sale of the goods.

But there never was, in form, or in fact, any sale of the goods to the defendant. It is not enough to waive the tort; there must be some way to make out a sale of the goods,—which is impossible. There is not in the case the very first thing, from which to infer a sale to any one from the estate. The case cited from New Hampshire is the only case in the books, where any such doctrine has been held, and that case has never been regarded as law, unless it be in that state.

In all the English books, when assumpsit is brought for goods taken tortiously, the action is for money had and received. See *Centre Turnpike Co.* v. *Smith,* 12 Vt. 202, and cases cited. There is not, to my knowledge, a single case in the English books, to justify this action. Those cases, where one gets possession of goods by a sale to a bankrupt and the sale is held to be to the one employing such an instrument, are not like the present. There is a sale, and for the benefit of the one sued, and it is just, that he should be held as the principal. If this action is to be maintained, we see not, why assumpsit will not lie in every case of trespass *de bonis asportatis,* with equal propriety.                    Judgment affirmed.