## Dodge *v.* Waterman.

Where goods are agreed to be sold on credit, and the buyer is to give his note for the price; if the goods are delivered, without the note or any request for it, the stipulation for the note is waived, and no action can be maintained for the price of the goods until the agreed term of credit has expired.

Assumpsit, for certain articles of machinery sold and delivered, commenced April 22, 1854.

A witness for the plaintiff testified that, as agent for the defendant, he called on the plaintiff, and examined the machinery, and agreed upon the price, but did not conclude the contract, and told the plaintiff he would meet him at the defendant's, in Providence; that he and the plaintiff agreed on the price, but that the terms of payment were to be fixed by the parties; that he met the plaintiff at the defendant's, and the conversation between the parties was as follows:

The defendant asked the terms of payment; the plaintiff said, "cash, of course;" he never sold any second hand machinery except for cash; but he would take his note at six months, by adding interest. The defendant said he would call it a trade if he would take his note at six months, by adding the interest, and the plaintiff consented: That the machinery was delivered about April 6, 1854, and sent by railroad to the defendant's mills, at Portsmouth; that the plaintiff was present when the machinery was delivered. He lives in Massachusetts. The defendant failed, and the machinery was sold under his assignment within a fortnight after its delivery. The defendant failed before the machinery was put up. It was in the mill, and some of it had not been unpacked.

The plaintiff said he knew the defendant's father, and seemed to be satisfied with the defendant's note. The defendant said his credit was good, but he was short of money. On cross-examination the witness said the defendant declined to take the machinery except on credit; said he could not pay cash; no bill was ever rendered, and he had no knowledge, at the time, that the

defendant was not in good circumstances; that he had a partner in New-York; that the partnership had been dissolved about four weeks, and the defendant's failure was owing to the concern in New-York. The defendant preferred to give a six months note and interest; the plaintiff said his credit was good, and did not object to the note. Something was said about a satisfactory note; about a note being satisfactory. It did not appear that any note had ever been offered or asked for.

The plaintiff rested his case on the testimony of the witness, and the defendant moved for a nonsuit, which was granted, and the defendant moved to set aside the nonsuit.

*W. H. Y. Hackett*, for the plaintiff.

*Marston*, for the defendant.

PERLEY, C. J. We see nothing in the evidence reported from which it would have been competent for the jury to find that the goods were obtained by fraud, and there is no conflict in the evidence as to the contract on which the machinery was delivered. The bargain was for a sale on credit, and the defendant was to give his note, payable in six months. The machinery was afterwards delivered without any evidence of a new bargain, without taking the note, and without any offer or demand of it.

It is contended on the part of the plaintiff, that inasmuch as the agreement was for credit on the defendant's note, and the note was not given, the stipulation for credit must be considered as waived, and the defendant be held liable for the agreed price, on demand; whereas the defendant's position is, that the general undertaking to give credit for six months remains in force, and that the plaintiff, by delivering the goods without requiring the note, has waived his right to insist on it as a condition of the sale, and that the rest of the bargain stands, including the stipulation for credit. On the authorities we think the defendant's position is correct. *Allen* v. *Ford*, 19 Pick. 217; *Lispen* v. *Main*, 6 Wend. 77; *Yale* v. *Coddington*, 21 Wend. 175; *Scott*

v. *Montague*, 16 Vt. 164 ; *Dutton* [v. *Solomonson*, 3 B. & P. 582 ; *Musson* v. *Price*, 4 East 147.

Where goods are agreed to be sold on credit, and the buyer's note taken for the price, if the goods are afterwards delivered without any new bargain, and without the note or any demand for it, we are of opinion that the stipulation for the note must be considered as waived ; that the agreement for credit remains in force, and that of course no action can be maintained for the price of the goods, till the agreed term of credit has expired.

Where a sale of goods on credit is obtained by fraud of the buyer, the seller may rescind the contract of sale and reclaim the goods immediately. But whether he can sue for the price until the agreed term of credit has expired, is a point upon which there appears to be some conflict of authority. *Bank* v. *Gore*, 15 Mass. 79 ; *Wilson* v. *Force*, 6 Johns. 110 ; *Downing* v. *Mathews*, 31 Maine 90 ; *Jenks* v. *Mathews*, 31 Maine 320 ; *Corlies* v. *Gardner*, 2 Hall 345 ; *Hoskins* v. *Duperoy*, 9 East 501 ; *Ferguson* v. *Carrington*, 9 B. & C. 59 ; *Winchell* v. *Noyes*, 23 Vt. 303 ; *Galloway* v. *Holmes*, 1 Doug. (Mich.) 330.

*Judgment on the nonsuit.*