JAMES RICE *v.* JACOB C, ANDREWS.

*Officer.  Action.  Credit.*

An officer is not precluded from recovering the price of an article of his own property, which he has sold at auction at the same time and place with other property of the same kind, which he has taken and advertised on an execution, by the fact that the purchaser bought it supposing it to be the property of the execution debtor, nor by the sheriff's neglect to disclose that such was not the fact.

If the giving of a credit for the price of property sold is on the condition that the purchaser's note, with a surety, be given therefor, and this condition is not complied with, but the property is taken by the purchaser, he is liable for the price before the expiration of the proposed term of credit.

BOOK ACCOUNT.—The only item in the plaintiff's account disputed by the defendant was a charge of seven dollars and thirty cents for a harrow sold by the former to the latter.

It appeared that the plaintiff, who was a deputy sheriff, had taken upon an execution against a townsman of himself and the defendant a large quantity of farming tools, &c., and among them three or four harrows ; that he advertised this property for sale upon such execution, and on the appointed day sold it at auction ; that the harrow charged to the defendant was in fact the property of the plaintiff, and had not been taken upon the execution above referred to, but that the defendant supposed otherwise ; that the plaintiff was desirous of selling it, and procuring another and carried it to the place of sale for the purpose of disposing of it at auction with the property taken on execution ; that he made no representations at the time of the sale in relation to it, and neither said nor did anything to induce any person to buy it, except to carry it there and set it up for sale with the other property, but that he requested a person present at the sale, who knew it was his property, not to mention that fact; that the defendant bid it off at the price charged, supposing it to be part of the property taken on the execution and not to belong to the plaintiff : that it was not a very good harrow, and that the defendant after keeping it about two weeks, without using it, on learning that it had been the plaintiff's property and not that of the execution debtor, carried it back to the plaintiff and left it on his premises, giving him notice that he should not keep it, or pay for it.

It further appeared, that at the auction sale the plaintiff announced publicly that a credit of sixty days would be given to the purchasers upon their executing to the plaintiff a note, running that length of time, with a good surety, for the amount of their respective purchases, but that the defendant in some way, but not from the plaintiff, derived the impression that no surety or note was required, but that a credit of sixty days was given, and that he bought the harrow in question with that understanding on his part, and gave no note for it, but that the plaintiff did not know of his carrying it away when he did, and did not consent to his taking it without executing a note with a surety for the price,

This action was brought before the expiration of sixty days from the time of the sale.

It further appeared that after the defendant had returned the harrow to the plaintiff as above mentioned, the latter applied to the former for a note at sixty days for the amount of his bid for it, which the defendant refused to give.

Upon these facts, the County Court, at the September Term, 1859, PIERPOINT, J., presiding, rendered judgment for the plaintiff for the amount of his account, to which the defendant excepted.

*D. E. Nicholson* and *Fayette Potter*, for the defendant.

*J. B. Bromley* and *Briggs & Nicholson* for the plaintiff.

REDFIELD, Ch. J., I. The first question made in the present case is, whether a sheriff, having advertised property for sale on execution, and selling property of his own, at auction, at the same time and place, of the same kind advertised, and without making known that it is not the property advertised on the execution, the bidder supposing it is, and bidding with that belief, is on that account precluded from recovering the price of the property so sold.

There is nothing in the present case to show that the proceedings of the sheriff, in any way interfered with the sale upon the execution, unless that is to be inferred from the facts stated. We are not prepared to say that the facts above detailed show any such official misconduct, as to preclude the recovery of the price of the articles so sold. It is certain that the sheriff might, without impropriety, take advantage of the collection of people to sell any other articles, at the same time, if it was done without interfering with his official sales. He owes no duty, in regard to his official sales, beyond the parties to the precept upon which the sale is made. If they are not in any way injured, others cannot perhaps legally complain. For since the sheriff owes them no duty, they cannot complain of mere nonfeasance. Nor can they complain of any misfeasance, unless if amounts to a legal fraud upon them.

There is nothing of legal fraud in the mere silence of the

plaintiff, even when such silence operates to bring the defendant, or others, into a delusion, unless such delusion is a fraudulent deception. We are not aware that the bidder, at an auction, is entitled to claim that he shall be truly informed in regard to the ownership of the articles sold, unless that of itself affects the price, provided the purchaser gets a good title. Works of art are often affected by having belonged to a particular cabinet, and in such cases it has been held that if the seller suffers the purchaser to fall into a delusion, in regard to pictures, for instance, having belonged to a particular cabinet, by silence merely, when he knows the delusion enhances the price of the pictures in the estimation of the purchaser, it is a legal, or actionable, fraud. This is expressly so decided in *Hill* v. *Gray*, 2 Eng. C. Law, 459. It does not appear how the former ownership of a harrow should fairly affect its market value. And it does not appear that the plaintiff was aware that the defendant was acting upon any such conceit. We cannot, therefore, regard the plaintiff's silence, under the circumstances, as a fraud upon the defendant.

I could conceive that a sheriff, who should undertake to excite the commiseration of the bidders, in favor of a poor debtor, and take advantage of the enthusiasm to sell his own wares, might justly be characterized as a heartless charlatan and a knave; but nothing of this kind is pretended in the present case. So, too, if a sheriff should really bring his own goods into competition with those of the debtor, at a sheriff's sale, held by himself, it would be regarded as a very flagrant departure, both from duty and decency. But nothing of this kind appears; and there is no pretence of misrepresentation or known secret defects in the article sold, so as to entitle the defendant to rescind on the ground of fraud.

II. In regard to the term of credit, we think that was not absolute, but only conditional, depending upon the giving a note with surety. And when a term of credit is offered to those who give notes with approved endorsers, it is, from its very nature, dependent upon the giving of the security. The security is the consideration for the credit, and when the one fails, the other may lawfully be withdrawn. The rule of construction is different generally,

when the debtor is only required to give his own note, and especially when the debtor has an election as to the term of credit, and he is not asked to make an election. This was so decided in *Scott* v. *Montagu*, 16 Vt. 164.

Judgment affirmed.