## HALE & FISH *v.* JONES.

### *General Assumpsit.*

It is well settled in this State, that where there is an agreement to give time for payment upon the debtor's giving a note with surety, if such note is not given, the creditor may sue at once on book or in general assumpsit. Thus, where the agreement was that defendant should pay by giving plaintiffs a note *to be approved by them,* payable in one year; and such note was not given on request, it was *held* that the agreement called for a note with surety, and that plaintiffs might sue at once in general assumpsit, for the recovery of their demand.

A different rule is said to prevail where the debtor is only required to give his own note.

GENERAL ASSUMPSIT. Pleas, the general issue, and a special plea in bar. Trial by the court, April Term, 1875, ROYCE, J., presiding.

It appeared that plaintiffs contracted in writing with defendant, in the fall of 1872, to do all the carpenter and joiner work for defendant on a certain building in St. Albans, for $1000; to complete the same by a certain time; and to have pay therefor, $700 in monthly instalments as the work progressed, and the balance by "promissory note approved by said Hale & Fish, to be made payable one year from May 1, 1873."

It further appeared that the plaintiffs, at the request of defendant, performed certain labor on said building beyond what the contract called for, and also performed certain work on a certain other building of the defendant.

It further appeared that the plaintiffs, on or about the 17th of June, 1873, and just before bringing this suit, demanded of defendant his promissory note according to the terms of said contract, and that defendant declined to give it, upon the ground that the job was not then completed. Plaintiffs' testimony tended to show that the job was then completed.

It further appeared that defendant paid plaintiffs on account of their services, without any direction by either party as to the application of such payments, the sum of seven hundred and sixty-

two dollars, while the work was in progress, and that subsequent to the bringing of this suit he paid $50 more on plaintiffs' order.

A question arose as to the application of payments, but the court did not consider it. Defendant claimed that because the contract provided that $300 of the original contract price was to be paid by note on one year from May 1st, 1873, he was not liable in this action; and that if he was liable for the balance of the contract price because he failed to give his note, that plaintiffs should have declared specially on the contract.

The court rendered judgment for plaintiffs to recover $241.95, as balance of original contract price, and interest thereon from June 1st, 1873; to all which defendant excepted.

*Farrington & McIntyre,* for defendant.

A credit of one year from the 1st of May, 1873, was given the defendant on $300. That the note was not delivered when demanded, does not give the right to recover under this declaration. The only remedy the plaintiffs had was, to declare specially, and recover their damages for non-fulfillment of the contract by the defendant in refusing to deliver the note. 2 Greenl. Ev. s. 104; 1 Chit. Pl. 347, 348; *Rice* v. *Andrews,* 32 Vt. 691; *Ascutney Bank* v. *McOrmsby,* 28 Vt. 721; *Eddy* v. *Stafford,* 18 Vt. 235; *Martin* v. *Fuller,* 16 Vt. 108; *Mattock* v. *Lyman,* Ib. 113; *Scott* v. *Montague,* Ib. 164.

*M. J. Hill,* for plaintiffs.

It is well settled that a party may recover in general assumpsit for work and labor performed under a written contract. *Way* v. *Wakefield,* 7 Vt. 223; *Dyer* v. *Jones,* 8 Vt. 205; *Gilman* v. *Hull,* 11 Vt. 510; 2 Smith Lead. Cas. 20, *et seq.;* 2 Parsons Cont. 523; 2 Greenl. Ev. 104.

Whatever sum the plaintiffs were entitled to have of the defendant at any time, as pay for their services, became due immediately on defendant's refusal to give his note, and is recoverable in this action. *Barker* v. *Troy & Rutland R. R. Co.* 27 Vt. 766; *Smith* v. *Smith,* 45 Vt. 433.

Hale & Fish *v.* Jones.

The opinion of the court was delivered by

PIERPOINT, Ch. J. The principal question involved in this case is, whether the action of general assumpsit can be maintained upon the facts shown in the bill of exceptions. It is objected on the part of the defendant, that the sum of $300, part of the contract price for the labor to be performed by the plaintiffs, was to be paid by a note due in one year from May 1, 1873 ; that this suit was commenced before the expiration of such time, and that less than $300 then remained unpaid.

In one part of the exceptions it is said that part of the contract price (referring to the $300) was to be paid in defendant's note due, &c.; but in the same connection it is said that the contract was in writing, and such writing is made a part of the exceptions, and a copy is annexed. On reference thereto, it appears that the contract was that the $300 was to be paid by *a promissory note approved by the said Hale & Fish,* to be made payable, &c. The language of the contract becomes material in determining the right to maintain this action, as it is well settled in this state, that if the agreement is to give time for payment, upon the debtor's giving a note with surety, if such note is not furnished, the creditor may sue at once on book or in general assumpsit. *Rice* v. *Andrews,* 32 Vt. 691. But a different rule is said to prevail when the debtor is only required to give his own note.

In considering the language used in this contract, the inference is almost irresistible, that the parties contemplated something more than an ordinary note of hand of the defendant—something more than the naked obligation of the defendant to pay ; that they had without a note, else why the form of approval ? Clearly, the time was not to be given unless they had a note that they approved of—were satisfied with. They might well say, under this contract, that they were entitled to a note that would give them some security beyond that of the defendant alone ; and we may well infer that the County Court so regarded the contract, from the fact that the judgment was for the plaintiffs ; and this we the more readily do, from the fact that the defendant honestly owes the money, and the objection to a recovery is purely technical.

After the work was completed, the plaintiffs demanded a note

according to the contract; but the defendant refused to furnish it, alleging that the contract was not completed on their part; but the case finds that the plaintiffs' evidence tended to show that it was; and from the judgment, we must assume that the County Court found it to be so. The defendant having refused to furnish such a note as the plaintiffs had a right to demand, and did demand, we think this action can be maintained.

This view of the case renders it unnecessary to consider the question of the application of payment.

Judgment affirmed.