[Filed December 20, 1886.]

## L. & H. W. WHEELER v. GEORGE M. HARRAH.

SALE—CREDIT—ACTION FOR GOODS SOLD.—Where credit is given for the price of property sold, on condition that a surety be given on the purchaser's note therefor, such as shall be acceptable to the seller, and this condition is not complied with by the purchaser who has taken the property, the latter is liable to an action for the price before the expiration of the proposed term of credit.

UMATILLA COUNTY. Defendant appeals. Affirmed.

*L. B. Cox*, for Appellant.

*Wm. M. Ramsey* and *George G. Bingham*, for Respondent.

LORD, C. J.—The plaintiffs, being in business in Pendleton, through their agents, doing business at Walla Walla, sold and delivered to the defendant a machine for the sum of $275, for which the defendant promised and agreed to execute two notes, payable at different dates, and furnish such surety or indorsers thereon as would be satisfactory to the plaintiffs. With this understanding, the defendant executed his individual notes, payable to the plaintiffs, which were received by their agents and forwarded to them with an explanation of the arrangement. The plaintiffs received the notes, and on several occasions demanded of the defendant to furnish the security he had promised, and which the evidence shows he admitted to the plaintiffs he had agreed with their agents to furnish. Finally, the defendant paid the plaintiffs the amount of one of the notes, but the plaintiffs still demanded that the security for the payment of the other note, as agreed at the time of the sale and delivery of the machine, should be given. The defendant delaying, and at last refusing to give the required security, and denying his obligation or agreement so to do, the plaintiffs brought this action to recover the price, less the amount paid. The defense is that, in the form charged, the action is prematurely brought, and cannot be sustained; and in support of this proposition, counsel for defendant has cited *Hanna* v. *Mills*,

21 Wend. 92; *Mussen* v. *Price,* 4 East. 147 ; *Dutton* v. *Solomonson,* 3 Bos. & Pul. 582 ; *Hoskins* v. *Duperoy,* 9 East. 498. These authorities are to the effect that, when goods are to be paid for in a note or bill, the vendor cannot recover on the common count for goods sold and delivered until the credit has expired, but he may proceed immediately for a breach of the special agreement.

In *Hanna* v. *Mills, supra,* Bronson, J., said : " In such an action, he will be entitled to recover as damages the whole value of the goods, unless, perhaps, there should be a rebate of interest during the stipulated credit. The right of action is as perfect on neglect or refusal to give the note or the bill, as it can be after the credit has expired. The only difference between suing at one time or the other relates to the *form of the remedy;* in the one case, the plaintiff must declare specially, in the other, he may declare generally. The remedy itself is the same in both cases. The damages are the price of the goods. The party cannot have two actions for one breach of a single contract, and the contract is no more broken after the credit expires than it was the moment the note or bill was wrongfully withheld."

This proceeds upon the theory that when goods are sold on credit, and it is a part of the contract that payment shall be made at a future day, no action can be maintained for the price until that day ; but that when it is also a part of the same contract that a note shall be given, which is payable on that future day, and such note is not given, an action can at once be maintained for the breach of the special agreement. (*Johnson* v. *Smith,* Anthon, N. P. 82 ; *Yale* v. *Coddington,* 21 Wend. 175 ; *Hunneman* v. *Inhabitants of Grafton,* 10 Met. 454.) But these cases do not reach the point involved here. It is not disputed, nor can be by the record, but that the credit was given for the price of the property sold, on condition that a surety be given on the purchaser's note, such as should be acceptable or satisfactory to the plaintiffs. The naked obligation of the defendant was not sufficient to obtain the credit; nor would it have been received and the property delivered, without the promise

of security, as agreed.   When credit is given for the price of goods sold, on the condition that the purchaser's note, with surety, be given therefor, and this condition is not complied with, but the property is taken by the purchaser, he is liable for the price at once, and before the expiration of the proposed term of credit.

In *Rice* v. *Andrews*, 32 Vt. 694, Redfield, C. J., said: " In regard to the term of credit, we think that was not absolute, but only conditional, depending upon the giving of the note with surety.   And when a term of credit is offered to those who give notes with approved endorsers, it is, from its very nature, dependent upon the giving of the security.   The security is the consideration for the credit, and when one fails, the other may be lawfully withdrawn.   The rule of construction is different, generally, when the debtor is only required to give his own note, and especially when the debtor has an election as to the term of the credit, and is not asked to make an election. This was so decided in *Scott* v. *Montague*, 16 Vt. 164." (See also, *Rugg* v. *Weir*, 16 C. B. [N. S.] 471.)

A later case in that state is still more nearly akin to the point involved here.   In *Hale & Fish* v. *Jones*, 48 Vt. 229, where the agreement was that the defendant should pay by giving the plaintiffs a note *to be approved by them*, Pierpont, C. J., said:   " It appears that the contract was that the $300 was to be paid by *a promissory note approved by the said Hale & Fish*, to be made payable, &c.   The language of the contract becomes material in determining the right to maintain this action, as it is well settled in this state, if the agreement is to give time for payment upon the debtor's giving a note with surety, if such note is not furnished the creditor may sue at once on book, or in general assumpsit.   But a different rule is said to prevail when the debtor is only required to give his own note.   In considering the language used in this contract, the inference is almost irresistible that the parties contemplated something more than an ordinary note of hand of the defendant ; something more than the naked obligation of the defendant to pay.   That they had without a note, else why the

formal approval ?   Clearly, the time was not to be given unless they had a note that they approved of—were satisfied with. They might well say, under this ‘contract, that they were entitled to a note that would give them some security beyond that of the defendant alone ; and we may well infer that the county court so regarded the contract, from the fact that the judgment was for the plaintiffs ; and this we the more readily do from the fact that the defendant honestly owes the money, and the objection to a recovery is purely technical ": language which we think is peculiarly appropriate here, and which Branson, J., in *Hanna* v. *Mills*, *supra*, had expressed many years before in the form of " much regret " at the necessity of reversing a judgment on such " narrow grounds," notwithstanding the law was settled as to the defendant's own note.

It was said at the argument that the acceptance of payment by the plaintiffs of the amount of one of the notes ought to be construed as acquiescence in the contract without security. It is sufficient to say that the intendment of the verdict is, that it was only accepted in part payment of the price, and without any abatement of the right to have surety according to the terms of the agreement; and, in our judgment, it was the correct inference from the facts in evidence. As this view disposes of all the questions raised, it follows that the judgment must be affirmed.

STRAHAN, J., did not sit in this case.