## FOSTER & JAQUITH *v.* ALMON ADAMS.

### *Pleading.    Sale.    Demand.*

1. When one sells property and agrees to accept in payment a note payable on time with security, and the buyer refuses to give the note and security, the seller can sue at once.

2. And in such case, where the seller requested the buyer to take the property and pay for it as agreed, and he refused to do so, no formal demand for the note and security was necessary.

GENERAL ASSUMPSIT.    Heard on a referee's report, December Term, 1887, ROYCE, Ch. J., presiding.    Judgment on the report for the plaintiffs.    The case appears in the opinion of the court.

*A. E. Cudworth,* for the defendant.

While plaintiffs rely upon this contract, as made, clearly no action can be maintained until something became due under its provisions.    *Martin* v. *Fuller,* 16 Vt. 108 ; *Scott* v. *Montague,* Id. 164 ; *Eddy* v. *Stafford,* 18 Vt. 235 ; *Thayer & Co.* v. *Ballou,* 32 Vt. 234 ; *Hall & Fish* v. *Jones,* 48 Vt. 227.

The presumption is that the defendant acted in good faith.

The credit given was a part of the original contract.    *De-Symons* v. *Minchwick,* Esp. N. P. 430 ; *Fisher* v. *Brown,* 1 Tyler, 387.

A formal demand for the note, etc., was necessary.    *Dutton* v. *Solmonson,* 3 B. & P. 582 ; *Pomroy* v. *Gold,* 2 Met. 500.

*W. W. Stickney,* for the plaintiffs.

The action was not premature.    The credit was not absolute but conditional, dependent upon the defendant's giving the note and security.    The security was the consideration for the

credit. *Rice* v. *Andrews*, 32 Vt. 691; *Hale* v. *Jones*, 48 Vt. 227; 1 Chit. Con. 615; *Hickling* v. *Hardey*, 1 Moore, 61.

The rule is different where the debtor is only required to give his own note without additional security. *Mussen* v. *Price*, 4 East, 147; *Hunneman* v. *Grafton*, 10 Met. 454; *Martin* v. *Fuller*, 16 Vt. 108; *Scott* v. *Montague*, Id. 164; *Eddy* v. *Stafford*, 18 Vt. 235.

If the purchaser of property, which is conveyed to him promises but neglects to furnish security for the payment at a future day, an action may immediately be commenced and maintained against him for its recovery. *Bank* v. *McK Ormsby*, 28 Vt. 721.

The opinion of the court was delivered by

TYLER, J: The plaintiffs sold the engine and boiler in question to the defendant on his agreement to give them his promissory note for $800, payable on time and secured by mortgage on this and other property. After taking the engine to pieces and moving it about one hundred feet preparatory to its removal from Peru to Jamaica, the defendant decided not to take the property and requested the plaintiffs to keep it, which they declined to do. The defendant notified the plaintiffs that he should not take the property and they told him " they wanted he should take the engine and boiler and pay for them as he agreed."

Ordinarily, when one party sells goods to another on a time of credit, he has no right of action for the price, either in general assumpsit or book account, until the time has elapsed. Had the defendant in this case furnished the security he would have been entitled to the full terms of two and three years' credit before an action could have been maintained against him. The question is whether his refusal to perform his part of the agreement as stated in the referee's report, gave the plaintiffs a right to withdraw their credit and bring their action at once.

In the case of *Martin* v. *Fuller*, 16 Vt. 108, the sale and credit seem to have been absolute, and the time of credit and

the security agreed upon, an after consideration. In *Ascutney Bank* v. *McK Ormsby*, 28 Vt. 721, it was held that the neglect and refusal of the defendant to furnish the securities when requested prevented him from claiming the benefit of the stipulated credit; that the plaintiff had the right, on such a refusal, to commence his action immediately and recover the balance due. It was held in *Hale & Fish* v. *Jones*, 48 Vt. 227, that when there was an agreement to give time for payment upon the debtor's giving a note with surety, if such note is not given, the creditor may sue at once in book account or in general assumpsit.

It seems clear, upon the report, that the credit was not absolute, but conditional upon the defendant's giving a note secured by mortgage. As was said by REDFIELD, Ch. J., in *Rice* v. *Andrews*, 32 Vt. 69 : " The security is the consideration for the credit, and when the one fails the other may lawfully be withdrawn." Doubtless, the cases of *Eddy* v. *Stafford*, 18 Vt. 235, and *Hale & Fish* v. *Jones*, are reconcilable upon this view.

In *Ascutney Bank* v. *McK Ormsby* the necessity of a demand for the agreed securities before action brought is recognized. We think, however, in this case, that the defendant's refusal to take the property and the plaintiffs' request that he should take it and pay for it as agreed, obviated the necessity of a formal demand for the note and mortgage before the action was commenced.

As the defendant had taken possession of the property and the title thereto had vested in him, his refusal to give his notes therefor secured by mortgage, as promised, was a waiver of time in making his payments and entitled the plaintiffs immediately to their action in general assumpsit for the price of the goods sold and delivered.

The judgment is affirmed.