WILCOX v. JAMIESON ET AL.

1. SUFFICIENCY OF COMPLAINT.

Where a cause of action in favor of the plaintiff against the defendant may be fairly gathered from the averments of the complaint, the complaint should be held sufficient after judgment.

2. INDEBTEDNESS, WHEN DUE.

An averment that defendant is indebted to plaintiff on an account for goods sold and delivered in a specified sum, and that defendant has not paid the same nor any part thereof, is equivalent to an averment

that such indebtedness is due and unpaid, there being no averment as to time, terms, or circumstances of payment indicating the contrary.

*Appeal from the District Court of Las Animas County.*

ACTION for goods sold and delivered. Default and judgment in favor of plaintiffs. Motion of defendant to set aside judgment and default and for leave to answer denied. Defendant appeals.

Messrs. NORTHCUTT & FRANKS, for appellant.

Mr. W. B. MORGAN, for appellees.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

1. The motion filed in the district court specifies several grounds for setting aside the default and judgment; but in this court counsel for appellant by his brief and argument presents but a single ground, viz: " That the complaint on which said judgment is based does not state facts sufficient to constitute a cause of action in favor of plaintiffs against the defendant." The complaint, omitting the formal parts, is as follows :

" That the defendant herein is indebted to the plaintiffs in the sum of four hundred and eighteen dollars and fifteen cents, which they claim with interest from first day of August, 1890, upon an account for certain goods, wares and merchandise, sold and delivered by the plaintiffs to the defendant at his request between the first day of June, 1890, and the first day of August, 1890.

" That the defendant has not paid the sum, nor any part thereof.

" Wherefore the plaintiffs demand judgment," etc.

Where a complaint fails to state any cause of action whatever in favor of the plaintiff against the defendant, a judgment by default should be set aside on motion when filed in

apt time ; but mere informalities, uncertainties or ambiguities in the averments of the complaint are not, of themselves, sufficient ground for such motion ; and when a cause of action in favor of the plaintiff against the defendant may be fairly gathered from the averments of the complaint, the complaint should be held sufficient after judgment. See *Mulock v. Wilson,* 19 Colo. 296, and authorities there cited.

The complaint in this case resembles the *common counts* in *assumpsit ;* it does not state the specific facts constituting the cause of action as is usual according to the present practice. Nevertheless, this form of pleading is allowable under the code ; it is not necessary for the pleader to state the items of account sued on in the first instance, though the defendant is entitled to a copy of the items upon demand. Code, sec. 63.

2. It is contended that the complaint is not sufficient because the indebtedness is not averred to have been due when suit was brought. Such an averment, though usual, is not essential. When an indebtedness has accrued by the sale and delivery of goods, the law implies a promise by the buyer to pay the seller. A promise to pay, not specifying time or terms of payment, or other circumstances indicating the contrary, creates a debt or obligation payable presently. An implied promise to pay, being a matter of law, need not be averred. It is sufficient if the facts upon which such implied promise arises be pleaded. 1 Estee's Pleading, sec. 605 ; Bliss on Code Pleading, secs. 152, 210 ; *Farron v. Sherwood,* 17 N. Y. 227 ; *Mayes v. Goldsmith,* 58 Ind. 94.

From the foregoing it is apparent that the complaint is sufficient in law ; and no other ground for setting aside the default being argued, the judgment of the district court will be affirmed.

*Affirmed.*