[No. 2435.]

MESSENGER V. WOGE.

1. **Practice—Pleading—Motion for Nonsuit.**

A motion by defendant for nonsuit is in the nature of a demurrer to the evidence, and should not be made on the ground of insufficiency of the complaint; such objection should be made by demurrer, or if after judgment for plaintiff, by motion in arrest.

2. **Pleading—Complaint—Goods Sold and Delivered.**

A complaint which alleges an indebtedness in a sum certain for goods sold and delivered is sufficient to state a cause of action. It is not necessary to aver, in terms, that the debt is due, or has not been paid.

3. **Contracts—Memoranda—Evidence.**

In an action for the price of certain machinery, where defendant claimed that the plaintiff sold the machinery as the agent of a certain machinery company, testimony by plaintiff that he was the owner and sold it as his own, and that a memorandum of the terms of sale was made upon a blank used by the machinery company because he had no other paper upon which to write, was admissible in explanation of the memorandum. The memorandum being signed only by defendant and not having been signed either by plaintiff or the machinery company, was not a contract in writing the terms of which could not be varied by parol testimony.

4. **Sales—Contracts—Payments.**

From a sale and delivery of goods where the parties are silent as to the time or terms of payment, a promise of immediate payment is implied.

5. **Same.**

Where by the terms of a contract of sale of goods the pur-

chaser is given time within which to pay, on condition that he secure the debt, by his refusal to perform the condition the consideration for the grant of time fails and the purchase price is due and payable at once.

**6.   Pleading—Departure—Appellate Practice.**

If a replication set up a cause of action different from and inconsistent with that stated in the complaint, objection to the departure should be raised before trial. It is too late to raise the question for the first time on appeal.

**7.   Pleading—Departure—Payments.**

In an action for the price of machinery sold and delivered, where the complaint alleged generally the sale and delivery at a certain price, and the defendant pleaded that the purchase price was not due, a replication which alleged an agreement to give the defendant time for making payment on condition that he secure the debt, and his refusal to secure the debt, was not a departure from the complaint.

*Appeal from the District Court of Prowers County.*

Messrs. Goodale & Hillyer, Mr. John R. Smith and Mr. George A. H. Fraser, for appellant.

Mr. O. G. Hess and Mr. W. L. Merrell, for appellee.

Thomson, P. J.

The appellant brought this suit against the appellee to recover the price of goods alleged to have been sold and delivered by the plaintiff to the defendant on the 16th day of July, 1900. The defendant answered admitting the sale to him by the plaintiff of the articles he enumerated in the complaint, and his failure to pay for them or any of them, but averring that the plaintiff sold the property as the agent of The Aultman Company, a corporation, and had himself no interest in the subject-matter of the suit. The answer also stated that the defendant permitted the delivery to him by the plaintiff of the property in question, which consisted of a second-hand threshing machine and its accessories, but which the plaintiff

represented and guaranteed to be in good order and condition, and capable of giving complete satisfaction to the defendant in every respect, to be by him tried and tested by use, under an agreement that if upon trial the machine should fulfill the representations and guarantees of the plaintiff, the defendant would pay the plaintiff the sum of $1,400, in installments, none of which were due when the suit was brought; that the machine after its delivery was tried and tested by the defendant, and found to be in bad·condition, and wholly unfit for use; that defendant thereupon notified the plaintiff that it was unsatisfactory, and that he declined to keep it.

Plaintiff by his amended replication denied that ·in the transaction with the defendant he acted as the agent of The Aultman Company, or that The Aultman Company had any interest whatever in the property; and denied that the machinery was delivered to the defendant for trial. The replication further alleged that at the time of the sale, the plaintiff filled out a printed blank form used by The Aultman Company in its business of selling farm machinery, which printed form was simply a proposal to purchase by one desiring farm machinery, directed to the company, and contained the company's forms of warranty and other necessary details, and presented the blank so filled to the defendant for his signature, explaining that the plaintiff was the owner of the property, and that The Aultman Company was in no manner concerned in it; and that the printed form, as filled out, was understood and agreed by both parties to be simply a memorandum of the terms of the sale and of the plaintiff's warranties. This paper is set out in full in the replication. As appears from it, the terms of sale, aside from the warranties, were the notes of the defendant as follows: One for $300, due August 10, 1900; one for $300, due September

10, 1900; one for $300, due October 10, 1900, and the last for $500, due December 10, 1900, all to be secured by chattel mortgage on the machinery, and on seventy acres of growing wheat. The printed form contained a provision that it was subject to the acceptance and approval of the company at its home office, and that when accepted and approved by it, the proposition or order should become a binding contract. It was signed by the defendant, but it was never approved or accepted by The Aultman Company. The machinery was delivered to the defendant, but he refused to execute the notes or mortgage.

Before entering upon the trial, the defendant objected to the introduction of any testimony by the plaintiff, on the grounds that the complaint did not state facts sufficient to constitute a cause of action, and that the pleadings showed upon their face that the plaintiff was not entitled to recover. The motion was overruled, and the plaintiff testified to the sale and delivery of the property to the defendant at the stipulated price of $1,400; the agreement of the defendant to secure the payment of the money by his four notes and a mortgage, as stated above; and his refusal, after delivery, to execute the notes or mortgage. Respecting the Aultman blank, the witness testified that after the details had been agreed upon, he suggested that, to avoid a misunderstanding, a memorandum of the terms of sale had better be made; that the trade was made on or near the public road; and that he took from his pocket, and filled out, the Aultman blank, which was the only thing he had on which to write the memorandum, explaining that he was himself the owner of the thresher, and that the notes and mortgage were to run to him. At the close of the plaintiff's case the defendant moved for a nonsuit. The motion was denied at the time, but after the defendant testified, it was allowed, and judgment

entered against the plaintiff. The grounds of the motion are rather obscurely stated; but they seem to be, first, that the complaint did not show that the debt was due; and, second, that it appeared from the paper that the contract of sale was with The Aultman Company.

An action may be dismissed on motion by the defendant for a nonsuit, when, upon the trial, the plaintiff fails to prove a sufficient case for the jury.— Mills' Ann. Code., sec. 166. This is our only code provision relative to nonsuits allowed on defendant's motion. A motion for a nonsuit is in the nature of a demurrer to the evidence. The first ground of this motion, namely, the insufficiency of the complaint, should have been taken ·by demurrer to that pleading, or in case of judgment for the plaintiff, by motion in arrest. But the complaint is good. An allegation, in general terms, of an indebtedness in a sum certain for goods sold and delivered, is a sufficient statement of a cause of action. It is unnecessary to aver, in terms, that the debt is due, or has not been paid. Only the existence of a debt which is due and unpaid, would satisfy an allegation of present indebtedness.—*Wilcox v. Jamieson,* 20 Colo. 158. Of course if it appeared from the evidence introduced by the plaintiff that the contract of sale was with The Aultman Company, and was not with him except as its agent, there could be no recovery by him, and the motion was properly allowed. But nothing of the kind appeared. By its express terms the paper could become the contract of that company only when accepted and approved by it. But it never did accept or approve the writing. On its face it was not a contract at all. It was not the contract of the company, because it was not executed by the company; and it was not the contract of the plaintiff

because, not only was it not executed by him, but his name nowhere appears in it. The explanation given by him that he used the blank, as the only piece of paper at hand, for the purpose of a memorandum only, of a parol agreement already made, in order to avoid future misunderstanding, was properly received in evidence. The explanation did not vary or contradict the terms of a written instrument, because the paper was not an instrument. It seems clear enough, that the machinery was the property of the plaintiff, and that the contract for its sale was between the plaintiff and the defendant.

But aside from any question as to the character of the paper, it is contended that by the terms of the parol contract to which the plaintiff testified, the money was payable in installments, none of which was due when the action was brought; and, further, that the replication stated a new cause of action different from, and inconsistent with, that alleged in the complaint. There was no agreement for the postponement of the time of payment beyond the date of the delivery of the machinery, except on condition of the execution by the defendant of the notes and mortgage. From a sale and delivery of goods, where the parties are silent as to the time or terms of payment, a promise of immediate payment is implied.—*Wilcox v. Jamieson, supra.* And where, by the terms of the contract of sale, the purchaser is given time within which to pay on condition that he secure the debt, by his refusal to perform the condition the consideration for the grant of time fails and the purchase price is payable at once. The liability of the purchaser is then precisely the same as if there had been no mention of deferred payment.—*Wheeler v. Harrah,* 14 Ore. 325; *Rice v. Andrews,* 32 Vt. 694.

If the replication set up a cause of action different from, and inconsistent with, that stated in the

complaint, the departure should have been met by proper objection before the trial. It is too late to raise the question now.—*Kannaugh v. Mining Co.,* 16 Colo. 341; *Railroad Co. v. Cahill,* 8 Colo. App. 158 But there was no departure and no inconsistency. It was entirely unnecessary to plead the agreement for an extension of time, or for security. All the facts relative to those could have been proved under the allegations of the complaint. But setting them forth in detail, worked no harm. They merely showed how it was that the plaintiff became entitled to the immediate payment of his debt. They in no manner conflicted with the complaint; to the contrary, they gave it their support.

We do not know the reasons which moved the court to the action it took. It was not until after the defendant had introduced his evidence that the judgment was announced. But we must assume that only the evidence for the plaintiff was considered. To find the facts from the conflicting statements of the parties, was beyond the province of the court; and we cannot suppose that it undertook to do so. But the plaintiff proved a sufficient case for the jury; and to determine whether the truth was with him or with the defendant, belonged exclusively to them. The court very properly overruled the defendant's preliminary objection to the introduction of evidence; but the ordering of a nonsuit was grave error.

Let the judgment be reversed.

*Reversed.*