STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    Docket No.: CUMCD-CR-18-1981

STATE OF MAINE                                    )
                                                  )
                                                  )
v.                                                )
                                                  )
TANNER PEACOCK                                    )    ORDER ON DEFENDANT'S MOTION TO
                                                  )              DISMISS
                                                  )
                                                  )
                                                  )
                                                  )

STATE OF MAINE
Cumberland, SS. Clerk's Office

AUG 2 4 2018
RECEIVED

The Defendant, having been charged with Failure to Report Accident (E) and Violation of Condition of Release (E), moves to dismiss the charges under the court's authority to do so by way of the so-called de minimis statute. 17-A M.R.S.A §12. The parties have agreed that the court may refer to the police reports. The parties do not appear to contest any underlying factual issue that may inform the de minimis analysis, but rather argue whether these facts and surrounding circumstances leading to Mr. Peacock's criminal charges should constitute a de minimis infraction leading to a dismissal.

Defendant was operating a vehicle registered to him in the early morning hours of March 5, 2018 when, as a result of his admittedly driving "way too fast" the vehicle appears to have left the roadway and crashed into a railroad embankment off the public road. Yarmouth Police officers deduced from Mr. Peacock's tracks that he ran from the scene, only to report his transgression some six hours later. Mr. Peacock explained that he failed to immediately report the accident, not because of his ignorance of the law, which would not be germane to the present motion in any case, but rather because his phone was not working. That representation seems somewhat undermined by the fact that at the time of his explanation to the police officer, he was

Entered on the Docket: 8/24/18

holding his phone intact. Mr. Peacock was also in near proximity to several alternative means to report the accident, as it occurred near the center of Yarmouth village. More troubling, and revealing, to the court is the six hours it took for Mr. Peacock to report the accident.

The de minimis statute should be applied sparingly and in the most patently obvious cases where the conduct and surrounding circumstances can leave little doubt that a mechanical application of the criminal statute would be unjust as falling outside the intent of the Legislature. This is necessary as a matter of basic civics and fidelity to our constitutional architecture, precisely because the statute itself authorizes an immodest judicial review of legislative intent rather than simply the law as written, which is whatever any particular judge might believe it to be based not on any objective indicia but merely a guess grounded upon a personal policy preference. If that were not enough, the statute also invites the court to determine "customary license and tolerance" given to certain conduct, which may otherwise be a violation of the law as written but in the view of an unelected judge should not be. As fashionable as this exercise of judicial vanity has become, whether authorized by statute or not, the facts and circumstances of this case happily do not make for a close call.

There may be an extraordinary case which presents a Venn diagram intersection of facts so clearly deserving of a dismissal and facts which the State nevertheless is insistent on prosecuting. However, as a matter of practical observation and experience, one must conclude that the foregoing species of cases, which might otherwise foist on the court the burden of divining legislative intent and acceptable illegal behavior, are as rare as a unicorn. This is not that case.

Mr. Peacock was on bail for Trafficking in Scheduled Drugs and Aggravated Trafficking in Scheduled Drugs, for which he has since pled guilty and for which he is on probation. Mr.

2

Peacock did not deny his knowledge of the requirement to report an accident, only and unbelievably, that he couldn't find an operational means of communication for the six hours after the accident from the not-so-remote downtown Yarmouth area. Mr. Peacock was leaving a friend's house in the Oakwood neighborhood before 5 a.m. at the time of the crash. At the very least, the requirement to report should have been apparent to him in light of the damage to his vehicle and the need for a tow truck. Mr. Peacock, on bail conditions at the time, should also have known that he would be under scrutiny by law enforcement and that failure to fastidiously comply with bail conditions could lead to additional criminal charges. The court concludes that Mr. Peacock was acutely aware of his situation, which is why he ran from the accident and reported it six hours later. The raison d'etre of the requirement to report an accident is obvious and manifold.[1] As an initial matter, it allows law enforcement to investigate the cause of the accident, whether any crimes were committed that caused the accident, and to prevent criminal conduct from being concealed by, for example, by running from the scene and showing up to report six hours later. *State v. Kargar*, 679 A.2d 81, 84 (Me. 1996) (factors to be considered by the trial court in evaluating a de minimis challenge).

Defendant's arguments are appropriately directed to the State and to the court in fashioning an appropriate sentence as this case works its way to a final resolution.

Defendant's Motion to Dismiss is DENIED.

---

[1] It appears the Law Court takes the position that one factor to consider in de minimis cases is whether the defendant knew or should have known of the illegality of his conduct. The Court also enumerates several qualitative considerations for the court, such as the impact on the community by the criminal offense and the "harm or evil caused by the infraction." *State v. Kargar*, 679 A.2d 81, 84 (Me. 1996). It is not clear how the defendant's knowledge of the law or its penalties can co-exist with the axiomatic rule that ignorance of the law "excuses no one." *Jenks v. Mathews*, 31 Me. 318, 320 (1850) ("It is a well known maxim that ignorance of law will not furnish an excuse for any person, either for a breach or an omission of duty." (quotation marks omitted)). It is even less clear under what remarkable circumstances the Superior Court is authorized the indulgence of acting as an unelected super-legislature in deciding that conduct made criminal by the first branch of government should be suspended because of what the court thinks the Legislature intended (in committee, in markup, on the floor, in the hallways) as opposed to the law it passed. The law as written comes with the beneficial feature of being able to be read by the citizens whose compliance is required by the State.

The Clerk is directed to enter this Order on the unified criminal docket by reference pursuant to Maine Rule of Unified Criminal Procedure 53(a).

Date: August 23, 2018

Lance E. Walker
Justice, Superior Court